B1 (Official Form 1)(04/13)

| United States Bankruptcy Court<br>District of Minnesota | Voluntary Petition |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**Dragt, Christopher John** | Name of Joint Debtor (Spouse) (Last, First, Middle):<br>**Dragt, Deanna Jo** |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names):<br><br>**FKA Deanna Jo Swenson; FKA Deanna Jo Bengtson** |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all)<br>**xxx-xx-5240** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all)<br>**xxx-xx-3276** |
| Street Address of Debtor (No. and Street, City, and State):<br>**529 7th Street South**<br>**Sartell, MN**                      ZIP Code **56377** | Street Address of Joint Debtor (No. and Street, City, and State):<br>**529 7th Street South**<br>**Sartell, MN**                      ZIP Code **56377** |
| County of Residence or of the Principal Place of Business:<br>**Stearns** | County of Residence or of the Principal Place of Business:<br>**Stearns** |
| Mailing Address of Debtor (if different from street address):<br><br>ZIP Code | Mailing Address of Joint Debtor (if different from street address):<br><br>ZIP Code |
| Location of Principal Assets of Business Debtor<br>(if different from street address above): | |

**Type of Debtor**
(Form of Organization)  (Check one box)
- ■ Individual (includes Joint Debtors)
  *See Exhibit D on page 2 of this form.*
- ☐ Corporation (includes LLC and LLP)
- ☐ Partnership
- ☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.)

**Nature of Business**
(Check one box)
- ☐ Health Care Business
- ☐ Single Asset Real Estate as defined in 11 U.S.C. § 101 (51B)
- ☐ Railroad
- ☐ Stockbroker
- ☐ Commodity Broker
- ☐ Clearing Bank
- ☐ Other

**Chapter of Bankruptcy Code Under Which the Petition is Filed**  (Check one box)
- ■ Chapter 7
- ☐ Chapter 9
- ☐ Chapter 11
- ☐ Chapter 12
- ☐ Chapter 13
- ☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding
- ☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

**Chapter 15 Debtors**
Country of debtor's center of main interests:

Each country in which a foreign proceeding by, regarding, or against debtor is pending:

**Tax-Exempt Entity**
(Check box, if applicable)
- ☐ Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code).

**Nature of Debts**
(Check one box)
- ■ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."
- ☐ Debts are primarily business debts.

**Filing Fee** (Check one box)
- ■ Full Filing Fee attached
- ☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.
- ☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

**Chapter 11 Debtors**
Check one box:
- ☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).
- ☐ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).

Check if:
- ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,490,925 *(amount subject to adjustment on 4/01/16 and every three years thereafter).*

Check all applicable boxes:
- ☐ A plan is being filed with this petition.
- ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

**Statistical/Administrative Information**
- ☐ Debtor estimates that funds will be available for distribution to unsecured creditors.
- ■ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

Estimated Number of Creditors
| ■ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|
| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | OVER 100,000 |

Estimated Assets
| ☐ | ☐ | ■ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

Estimated Liabilities
| ☐ | ☐ | ■ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

B1 (Official Form 1)(04/13)                                                                                                    Page 2

| **Voluntary Petition** | Name of Debtor(s): |
|---|---|
| *(This page must be completed and filed in every case)* | **Dragt, Christopher John** <br> **Dragt, Deanna Jo** |

### All Prior Bankruptcy Cases Filed Within Last 8 Years (If more than two, attach additional sheet)

| Location <br> Where Filed:  **- None -** | Case Number: | Date Filed: |
|---|---|---|
| Location <br> Where Filed: | Case Number: | Date Filed: |

### Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor (If more than one, attach additional sheet)

| Name of Debtor: <br> **- None -** | Case Number: | Date Filed: |
|---|---|---|
| District: | Relationship: | Judge: |

| **Exhibit A** | **Exhibit B** |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.) <br><br> ☐ Exhibit A is attached and made a part of this petition. | (To be completed if debtor is an individual whose debts are primarily consumer debts.) <br><br> I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I delivered to the debtor the notice required by 11 U.S.C. §342(b). <br><br> **X  /s/ Stephen Heller**                          **November 19, 2015** <br> Signature of Attorney for Debtor(s)                (Date) <br> **Stephen Heller** |

### Exhibit C

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

■ No.

### Exhibit D

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

■ Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

■ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

### Information Regarding the Debtor - Venue
(Check any applicable box)

■ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

### Certification by a Debtor Who Resides as a Tenant of Residential Property
(Check all applicable boxes)

☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

B1 (Official Form 1)(04/13)    Page 3

| Voluntary Petition | Name of Debtor(s): |
|---|---|
| *(This page must be completed and filed in every case)* | **Dragt, Christopher John**<br>**Dragt, Deanna Jo** |

**Signatures**

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.

[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7. [If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. §342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

**X** **/s/ Christopher John Dragt**

Signature of Debtor  **Christopher John Dragt**

**X** **/s/ Deanna Jo Dragt**

Signature of Joint Debtor **Deanna Jo Dragt**

Telephone Number (If not represented by attorney)

**November 19, 2015**

Date

### Signature of Attorney*

**X** **/s/ Stephen Heller**

Signature of Attorney for Debtor(s)

**Stephen Heller 246347**

Printed Name of Attorney for Debtor(s)

**Heller & Thyen, P.A.**

Firm Name

**606 25th Avenue South, Suite 110**
**St. Cloud, MN 56301**

Address

**320-654-8000  Fax: 888-502-5873**

Telephone Number

**November 19, 2015**

Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

**X** _____

Signature of Authorized Individual

_____

Printed Name of Authorized Individual

_____

Title of Authorized Individual

_____

Date

### Signature of a Foreign Representative

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)

☐ I request relief in accordance with chapter 15 of title 11. United States Code. Certified copies of the documents required by 11 U.S.C. §1515 are attached.

☐ Pursuant to 11 U.S.C. §1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

**X** _____

Signature of Foreign Representative

_____

Printed Name of Foreign Representative

_____

Date

### Signature of Non-Attorney Bankruptcy Petition Preparer

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

_____

Printed Name and title, if any, of Bankruptcy Petition Preparer

_____

Social-Security number (If the bankrutpcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.)(Required by 11 U.S.C. § 110.)

_____

Address

**X** _____

_____

Date

Signature of bankruptcy petition preparer or officer, principal, responsible person,or partner whose Social Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. §110; 18 U.S.C. §156.*

B 1D (Official Form 1, Exhibit D) (12/09)

# United States Bankruptcy Court
## District of Minnesota

In re    **Christopher John Dragt**
     **Deanna Jo Dragt**

                                   Debtor(s)

Case No. _____

Chapter    **7**

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

■ 1. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

☐ 2. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 14 days after your bankruptcy case is filed.*

☐ 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the seven days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now. *[Summarize exigent circumstances here.]* ____

**If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency. Failure to fulfill these requirements may result in dismissal of your case. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.**

B 1D (Official Form 1, Exhibit D) (12/09) - Cont.                                                                    Page 2

☐ 4. I am not required to receive a credit counseling briefing because of: *[Check the applicable statement.] [Must be accompanied by a motion for determination by the court.]*

    ☐ Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);

    ☐ Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);

    ☐ Active military duty in a military combat zone.

☐ 5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district.

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor:   **/s/ Christopher John Dragt**
                        **Christopher John Dragt**

Date:   **November 19, 2015**

B 1D (Official Form 1, Exhibit D) (12/09)

# United States Bankruptcy Court
### District of Minnesota

In re  **Christopher John Dragt**
**Deanna Jo Dragt**
_____
Debtor(s)

Case No. _____
Chapter  **7**  _____

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

_Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed._

■ 1. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. _Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency._

☐ 2. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. _You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 14 days after your bankruptcy case is filed._

☐ 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the seven days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now. _[Summarize exigent circumstances here.]_ ____

**If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency. Failure to fulfill these requirements may result in dismissal of your case. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.**

B 1D (Official Form 1, Exhibit D) (12/09) - Cont.                                                    Page 2

☐ 4. I am not required to receive a credit counseling briefing because of: *[Check the applicable statement.] [Must be accompanied by a motion for determination by the court.]*

    ☐ Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);

    ☐ Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);

    ☐ Active military duty in a military combat zone.

☐ 5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district.

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor: **/s/ Deanna Jo Dragt**
                                   **Deanna Jo Dragt**

Date: **November 19, 2015**

B6 Summary (Official Form 6 - Summary) (12/14)

# United States Bankruptcy Court
### District of Minnesota

In re    **Christopher John Dragt,**
          **Deanna Jo Dragt,**

                                                    Debtors

Case No. _____

Chapter_____**7**_____

# SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each.  Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided.  Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors must also complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 5 | 146,100.00 | | |
| B - Personal Property | Yes | 4 | 31,010.45 | | |
| C - Property Claimed as Exempt | Yes | 6 | | | |
| D - Creditors Holding Secured Claims | Yes | 1 | | 164,641.00 | |
| E - Creditors Holding Unsecured Priority Claims  (Total of Claims on Schedule E) | Yes | 1 | | 0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 9 | | 62,186.93 | |
| G - Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H - Codebtors | Yes | 1 | | | |
| I - Current Income of Individual Debtor(s) | Yes | 2 | | | 3,700.63 |
| J - Current Expenditures of Individual Debtor(s) | Yes | 2 | | | 3,920.84 |
| Total Number of Sheets of ALL Schedules | | 32 | | | |
| Total Assets | | | 177,110.45 | | |
| Total Liabilities | | | | 226,827.93 | |

B 6 Summary (Official Form 6 - Summary) (12/14)

# United States Bankruptcy Court
## District of Minnesota

In re    **Christopher John Dragt,**
       **Deanna Jo Dragt,**

Case No. _____

_____,
                   Debtors

Chapter _____**7**_____

# STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C.§ 101(8)), filing a case under chapter 7, 11 or 13, you must report all information requested below.

    ☐   Check this box if you are an individual debtor whose debts are NOT primarily consumer debts. You are not required to report any information here.

**This information is for statistical purposes only under 28 U.S.C. § 159.**

**Summarize the following types of liabilities, as reported in the Schedules, and total them.**

| Type of Liability | Amount |
|---|---:|
| Domestic Support Obligations (from Schedule E) | 0.00 |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | 0.00 |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) (whether disputed or undisputed) | 0.00 |
| Student Loan Obligations (from Schedule F) | 31,989.00 |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | 0.00 |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | 0.00 |
| TOTAL | 31,989.00 |

**State the following:**

| | |
|---|---:|
| Average Income (from Schedule I, Line 12) | 3,700.63 |
| Average Expenses (from Schedule J, Line 22) | 3,920.84 |
| Current Monthly Income (from Form 22A-1 Line 11; OR, Form 22B Line 14; OR, Form 22C-1 Line 14 ) | 8,665.29 |

**State the following:**

| | | |
|---|---:|---:|
| 1. Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | 4,500.00 |
| 2. Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column | 0.00 | |
| 3. Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | 0.00 |
| 4. Total from Schedule F | | 62,186.93 |
| 5. Total of non-priority unsecured debt (sum of 1, 3, and 4) | | 66,686.93 |

B6A (Official Form 6A) (12/07)

In re  **Christopher John Dragt,**                              Case No. _____
       **Deanna Jo Dragt**
                                                    ,
                              Debtors

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim." If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| **Contract for Deed is located at 529 7th Street South, Sartell, MN 56377**<br>**Legal Description:  See attached Exhibit A**<br>**Stearns County, Minnesota**<br>**Value based upon 2015 property tax statement** | **Fee simple** | **J** | **146,100.00** | **147,000.00** |

|  | Sub-Total > | **146,100.00** | (Total of this page) |
|---|---|---|---|
|  | Total > | **146,100.00** |  |

__0__  continuation sheets attached to the Schedule of Real Property

(Report also on Summary of Schedules)



| CONTRACT FOR DEED | Form No. 54-M | Minnesota Uniform |
| Individual Seller | (Top 3 Inches Reserved for Recording Data) | Conveyancing Blanks (1985) |

Date:   <u>September 4, 2015</u>

THIS CONTRACT FOR DEED (The "Contract") is made on the above date by
<u>Donna L. Bengtson, a single person</u>

Seller (whether one or more), and   <u>Christopher Dragt and Deanna Dragt, Husband and Wife</u>

Purchaser (whether one or more)
(check box    [X]    if joint tenancy).
Seller and Purchaser agree to the following terms:

1.   PROPERTY DESCRIPTION. Seller hereby sells, and Purchaser hereby buys, real property in_____ **Stearns**
     County, Minnesota, described as follows:

     Lot 10, Block 1, Sartell Heights South Plat 3, Stearns County, Minnesota.

     together with all hereditaments and appurtenances belonging thereto (the "Property"). Unless otherwise specified, Seller
     hereby delivers possession of the Property to Purchaser on the date hereof.

     Seller check applicable box:
     [X] The Seller certifies that the Seller does not know of any wells on the described real property.
     [ ] A well disclosure certificate accompanies this document.
     [ ] I am familiar with the property described in this instrument and I certify that the status and number of wells
         on the described real property have not changed since the last previously filed well disclosure certificate.

2.   TITLE. Seller warrants that title to the Property is, on the date of this Contract, subject only to the following exceptions:

     (a)   Covenants, conditions, restrictions (without effective forfeiture provisions) and declarations of record, if any;
     (b)   Reservation of minerals or mineral rights by the State of Minnesota, if any;
     (c)   Utility and drainage easements which do not interfere with present improvements;
     (d)   Applicable laws, ordinances and regulations;
     (e)   The lien of real estate taxes and installments of special assessments which are payable by Purchaser pursuant to
           paragraph 6 of this Contract; and
     (f)   The following liens or encumbrances:
           None

3.   DELIVERY OF DEED AND EVIDENCE OF TITLE. Upon Purchaser's full performance of this Contract, Seller shall:

     (a)   Execute, acknowledge and deliver to Purchaser a    <u>Warranty</u>    Deed,
           in recordable form, conveying marketable title to the Property to Purchaser, subject only to the following exceptions:
           (i)   Those exceptions referred to in paragraph 2(a), (b), (c), (d), and (e) of this Contract;
           (ii)  Liens, encumbrances, adverse claims or other matters which Purchaser has created, suffered or permitted to
                 accrue after the date of this Contract; and
           (iii) The following liens or encumbrances:
                 None

     (b)   Deliver to Purchaser the abstract of title to the Property, without further extension, to the extent required by the
           purchase agreement (if any) between Seller and Purchaser.

4.   PURCHASE PRICE. Purchaser shall pay to Seller, at <u>1002 5th Ave N, Sartell, MN  56377</u>

     the sum of       **One Hundred Forty Seven Thousand**

                      ($  <u>147,000.00</u>          ),
     as and for the purchase price (the "Purchase Price") for the Property, payable as follows:
     Buyer shall make payments in the amount of $680.78 per month or more at the option of Buyer, including interest
     at the rate of 3.75% per annum computed on unpaid balances.  Interest shall begin on September 4, 2015, First
     payment shall be due on October 4, 2015, and subsequent payments shall be due and payable on the 4th day of
     each succeeding month.  Payments shall be credited first to interest and remainder to principal.  The entire
     balance of this contract shall be due and payable in full no later than September 4, 2025.  The final payment is a
     balloon payment.

5.  PREPAYMENT.  Unless otherwise provided in this Contract, Purchaser shall have the right to fully or partially prepay this Contract at any time without penalty.  Any partial prepayment shall be applied first to payment of amounts then due under this Contract, including unpaid accrued interest, and the balance shall be applied to the principal installments to be paid in the inverse order of their maturity.  Partial prepayment shall not postpone the due date of the installments to be paid pursuant to this Contract or change the amount of such installments.

6.  REAL ESTATE TAXES AND ASSESSMENTS.  Real estate taxes and installments of special assessments which are due and payable in the year in which this Contract is dated shall be paid as follows:
    **Buyer shall escrow 1/12 taxes to seller**

    Purchaser shall pay, before penalty accrues, all real estate taxes and installments of special assessments assessed against the Property which are due and payable in all subsequent years.  Seller warrants that the real estate taxes and installments of special assessments which were due and payable in the years preceding the year in which this Contract is dated are paid in full.  If the Property is subject to a recorded declaration providing for assessments to be levied against the Property by any owners' association, Purchaser shall promptly pay, when due, all assessments imposed by the owners' associations or other governing body as required by the provisions of the declaration or other related documents.

7.  PROPERTY INSURANCE.

    (a)  INSURED RISKS AND AMOUNTS.  Purchaser shall keep all buildings, improvements and fixtures now or later located or a part of the Property insured against loss by fire, lightning and such other perils as are included in a standard "all risk" endorsement, and against loss or damage by all other risks and hazards covered by a standard extended coverage insurance policy, including, without limitation, vandalism, malicious mischief, burglary, theft and, if applicable, steam boiler explosion.  Such insurance shall be in an amount no less than the full replacement cost of the buildings, improvements and fixtures, without deduction for physical depreciation.  If any of the buildings, improvements or fixtures are located in a federally designated flood prone area, and if flood insurance is available for that area, Purchaser shall procure and maintain flood insurance in amounts reasonably satisfactory to Seller.

    (b)  OTHER TERMS.  The insurance policy shall contain a loss payable clause in favor of Seller which provides that Seller's right to recover under the insurance shall not be impaired by any acts or omissions of Purchaser or Seller, and that Seller shall otherwise be afforded all rights and priveleges customarily provided a mortgagee under the so-called standard mortgage clause.

    (c)  NOTICE OF DAMAGE.  In the event of damage to the Property by fire or other casualty, Purchaser shall promptly give notice of such damage to Seller and the insurance company.

8.  DAMAGE TO PROPERTY.

    (a)  APPLICATION OF INSURANCE PROCEEDS.  If the Property is damaged by fire or other casualty, the insurance proceeds paid on account of such damage shall be applied to payment of the amounts payable by Purchaser under this Contract, even if such amounts are not then due to be paid, unless Purchaser makes a permitted election described in the next paragraph.  Such amounts shall be first applied to unpaid accrued interest and next to the installments to be paid as provided in this Contract in the inverse order of their maturity.  Such payment shall not postpone the due date of installments to be paid pursuant to this Contract or change the amount of such installments.  The balance of insurance proceeds, if any, shall be the property of Purchaser.

    (b)  PURCHASER'S ELECTION TO REBUILD.  If Purchaser is not in default under this Contract, or after curing any such default, and if the mortgagees in any prior mortgages and sellers in any prior contracts for deed do not require otherwise, Purchaser may elect to have that portion of such insurance proceeds necessary to repair, replace or restore the damaged Property (the "Repairs") deposited in escrow with a bank or title insurance company qualified to do business in the State of Minnesota, or such other party as may be mutually agreeable to Seller and Purchaser.  The election may only be made by written notice to Seller within sixty days after the damage occurs.  Also, the election will only be permitted if the plans and specifications and contracts for the Repairs are approved by Seller, which approval Seller shall not unreasonably withhold or delay.  If such a permitted election is made by Purchaser, Seller and Purchaser shall jointly deposit, when paid, such insurance proceeds into such escrow.  If such insurance proceeds are insufficient for the Repairs, Purchaser shall, before the commencement of the Repairs, deposit into such escrow sufficient additional money to insure the full payment for the Repairs.  Even if the insurance proceeds are unavailable or are insufficient to pay the cost of the Repairs, Purchaser shall at all times be responsible to pay the full cost of the Repairs.  All escrowed funds shall be disbursed by the escrowee in accordance with generally accepted sound construction disbursement procedures.  The costs incurred or to be incurred on account of such escrow shall be deposited by Purchaser into such escrow before the commencement of the Repairs.  Purchaser shall complete the Repairs as soon as reasonably possible and in a good and workmanlike manner, and in any event the Repairs shall be completed by Purchaser within one year after the damage occurs.  If, following the completion of and payment for the Repairs, there remains any undisbursed escrow funds, such funds shall be applied to payment of the amounts payable by Purchaser under this Contract in accordance with paragraph 8(a) above.

    (c)  OWNERS ASSOCIATION.  If the property is subject to a recorded declaration, so long as the owners' assocation maintains a master or blanket policy of insurance against fire, extended coverage perils and such other hazards and in such amount as are required by this Contract, then (i) Purchaser's obligation in this Contract to maintain hazard insurance coverage on the Property is satisfied; (ii) the provisions of paragraph 8(a) of this Contract regarding application of insurance proceeds shall be superseded by the provisions of the declaration or other related documents; and (iii) in the event of a distribution of insurance proceeds in lieu of restoration or repair following an insured casualty loss to the Property, any such proceeds payable to Purchaser are hereby assigned and shall be paid to Seller for application to the sum secured by this Contract, with the excess, if any, paid to Purchaser.

9.  INJURY OR DAMAGE OCCURRING ON THE PROPERTY

    (a)  LIABILITY.  Seller shall be free from liability and claims for damages by reason of injuries occurring on or after the date of this Contract to any person or persons or property while on or about the Property.  Purchaser shall defend and indemnify Seller from all liability, loss, cost and obligations, including reasonable attorneys' fees, on account of or arising out of any such injuries.  However, Purchaser shall have no liability or obligation to Seller for such injuries

which are caused by the negligence or intentional wrongful acts or omissions of Seller.

(b) LIABILITY INSURANCE. Purchaser shall, at Purchaser's own expense, procure and maintain liability insurance against claims for bodily injury, death and property damage occurring on or about the Property in amounts reasonably satisfactory to Seller and naming Seller as additional insured.

10. INSURANCE, GENERALLY. The insurance which Purchaser is required to procure and maintain pursuant to paragraphs 7 and 9 of this Contract shall be issued by an insurance company or companies licensed to do business in the State of Minnesota and acceptable to Seller. The insurance shall be maintained by Purchaser at all times while any amount remains unpaid under this Contract. The insurance policies shall provide for not less than ten days' written notice to Seller before cancellation, non-renewal, termination or change in coverage, and Purchaser shall deliver to Seller a duplicate original or certificate of such insurance policy or policies.

11. CONDEMNATION. If all or any part of the Property is taken in condemnation proceedings instituted under power of eminent domain or is conveyed in lieu thereof under threat of condemnation, the money paid pursuant to such condemnation or conveyance in lieu thereof shall be applied to payment of the amounts payable by Purchaser under this Contract, even if such amounts are not then due to be paid. Such amounts shall be applied in the same manner as a prepayment, as provided in paragraph 5 of this Contract. Such payment shall not postpone the due date of the installments to be paid pursuant to this Contract or change the amount of such installments. The balance, if any, shall be the property of Purchaser.

12. WASTE, REPAIR AND LIENS. Purchaser shall not remove or demolish any buildings, improvements or fixtures now or later located on or a part of the Property, nor shall Purchaser commit or allow waste of the Property. Purchaser shall maintain the Property in good condition and repair. Purchaser shall not create or permit to accrue liens or adverse claims against the Property which constitute a lien or claim against Seller's interest in the Property. Purchaser shall pay to Seller all amounts, costs and expenses, including reasonable attorneys' fees, incurred by Seller to remove any such liens or adverse claims.

13. COMPLIANCE WITH LAWS. Except for matters which Seller has created, suffered or permitted to exist prior to the date of this Contract, Purchaser shall comply or cause compliance with all laws and regulations of any governmental authority which affect the Property or the manner of using or operating the same, and with all restrictive covenants, if any, affecting title to the Property or the use thereof.

14. RECORDING OF CONTRACT; DEED TAX. Purchaser shall, at Purchaser's expense, record this Contract in the office of the county recorder or registrar of titles in the county in which the Property is located within four (4) months after the date hereof. Purchaser shall pay any penalty imposed under Minnesota Statutes Section 507.235 for failure to timely record the Contract. Seller shall, upon Purchaser's full performance of this Contract, pay the deed tax due upon the recording of the deed to be delivered by Seller.

15. NOTICE OF ASSIGNMENT. If either Seller or Purchaser assigns their interest in the Property, the assigning party shall promptly furnish a copy of such assignment to the non-assigning party.

16. PROTECTION OF INTERESTS. If Purchaser fails to pay any sum of money required under the terms of this Contract or fails to perform any of the Purchaser's obligations as set forth in this Contract, Seller may, at Seller's option, pay the same or cause the same to be performed, or both, and the amounts so paid by Seller and the cost of such performance shall be payable at once, with interest at the rate stated in paragraph 4 of this Contract, as an additional amount due Seller under this Contract. If there now exists, or if Seller hereafter creates, suffers or permits to accrue, any mortgage, contract for deed, lien or encumbrance against the Property which is not herein expressly assumed by Purchaser, and provided Purchaser is not in default under this Contract, Seller shall timely pay all amounts due thereon, and if Seller fails to do so, Purchaser may, at Purchaser's option, pay any such delinquent amounts or take any actions reasonably necessary to cure defaults thereunder and deduct the amounts so paid together with interest at the rate provided in this Contract from the payments next coming due under this Contract.

17. DEFAULT AND REMEDIES. The time of performance by Purchaser of the terms of this Contract is an essential part of this Contract. If Purchaser fails to timely perform any term of this Contract, Seller may, at Seller's option, elect to declare this Contract cancelled and terminated by notice to Purchaser in accordance with applicable law or elect any other remedy available at law or in equity. If Seller elects to terminate this Contract, all right, title and interest acquired under this Contract by Purchaser shall then cease and terminate, and all improvements made upon the Property and all payments made by Purchaser pursuant to this Contract (including escrow payments, if any) shall belong to Seller as liquidated damages for breach of this Contract. Neither this Contract (including escrow payments, if any) shall belong to Seller as liquidated damages for breach of this Contract. Neither the extension of the time for payment of any sum of money to be paid hereunder nor any waiver by Seller of Seller's rights to declare this Contract forfeited by reason of any breach shall in any manner affect Seller's right to cancel this Contract because of defaults subsequently occurring, and no extension of time shall be valid unless agreed to in writing. After service of notice of default and failure to cure such default within the period allowed by law, Purchaser shall, upon demand, surrender possession of the Property to Seller, but Purchaser shall be entitled to possession of the Property until the expiration of such period. Failure by Seller to exercise one or more remedies available under this paragraph 17 shall not constitute a waiver of the right to exercise such remedy or remedies thereafter.

18. BINDING EFFECT. The terms of this Contract shall run with the land and bind the parties hereto and their successors in interest.

19. HEADINGS. Headings of the paragraphs of this Contract are for convenience only and do not define, limit or construe the contents of such paragraphs.

20. ADDITIONAL TERMS:  Check here ☒ if an Addendum to Contract for Deed containing additional terms and conditions is attached hereto:

SELLER

_Donna L. Bengtson_
Donna L. Bengtson

_____

_____

PURCHASER

_Christopher Dragt_ (signature)
Christopher Dragt

_Deanna Dragt_ (signature)
Deanna Dragt

_____

STATE OF MINNESOTA
COUNTY OF    STEARNS                    } ss.

This instrument was acknowledged before me on    9/4/2015
by    Donna L. Bengtson, A single person

NOTARIAL STAMP OR SEAL (OR OTHER TITLE OR RANK)

SHARON MARIE DECKER
NOTARY PUBLIC-MINNESOTA
My Comm. Exp. Jan. 31, 2020

SIGNATURE OF NOTARY PUBLIC OR OTHER OFFICIAL

STATE OF MINNESOTA
COUNTY OF    STEARNS                    } ss.

This instrument was acknowledged before me on September 4, 2015
by    Christopher Dragt and Deanna Dragt, Husband and Wife

NOTARIAL STAMP OR SEAL (OR OTHER TITLE OR RANK)

SHARON MARIE DECKER
NOTARY PUBLIC-MINNESOTA
My Comm. Exp. Jan. 31, 2020

SIGNATURE OF NOTARY PUBLIC OR OTHER OFFICIAL

Check here if all or part of the land is Registered (Torrens)  ☐

THIS INSTRUMENT WAS DRAFTED BY (NAME & ADDRESS):

Home Title
3950 3rd Street North
St. Cloud, MN  56303
(320)258-5837

File No: 161506605

Tax statements for the real property described in this instrument should be sent to (include name and address of Grantee):

Christopher Dragt and
Deanna Dragt

529 7th Street S
Sartell, MN 56377

Bill to:
Donna L. Bengtson
1002 - 5th Ave N
Sartell MN 56377

**FAILURE TO RECORD THIS CONTRACT FOR DEED MAY GIVE OTHER PARTIES PRIORITY OVER PURCHASER'S INTEREST IN THE PROPERTY.**

B6B (Official Form 6B) (12/07)

.

In re   **Christopher John Dragt,**                                    Case No. _____
        **Deanna Jo Dragt**

                                          ,
                              Debtors

# SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."
If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 1.  Cash on hand | X | | | |
| 2.  Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | **Wells Fargo-Checking #7660 Sartell, MN** | J | 992.45 |
| | | **ReliaCard-Child Support** | W | 11.00 |
| 3.  Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4.  Household goods and furnishings, including audio, video, and computer equipment. | | **Household Goods and Furnishings** | J | 500.00 |
| | | **Computer** | J | 520.00 |
| 5.  Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | | **DVDs** | J | 10.00 |
| 6.  Wearing apparel. | | **Clothing** | J | 500.00 |
| 7.  Furs and jewelry. | | **Wedding Bands** | J | 1,000.00 |
| 8.  Firearms and sports, photographic, and other hobby equipment. | | **Bikes** | J | 50.00 |
| 9.  Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | | **Term Life Insurance Policy through State Farm** | J | 0.00 |
| 10. Annuities. Itemize and name each issuer. | X | | | |

                                                            Sub-Total >          **3,583.45**
                                                          (Total of this page)

  _3_   continuation sheets attached to the Schedule of Personal Property

Software Copyright (c) 1996-2014 - Best Case, LLC - www.bestcase.com                                    Best Case Bankruptcy

B6B (Official Form 6B) (12/07) - Cont.

In re  **Christopher John Dragt,**          Case No. _____
       **Deanna Jo Dragt**

_____,
                                    Debtors

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars.  (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | | **Projected 2015 Federal, State, and Property Tax Refunds, if any, accrued from 01/01/15 to date of filing, said amounts not to exceed the available amount left in the 11 U.S.C.§522(d)(5) Exemption. (approximately $6,000.00)** | J | 6,000.00 |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |

Sub-Total >          6,000.00
(Total of this page)

Sheet __1__ of __3__ continuation sheets attached
to the Schedule of Personal Property

B6B (Official Form 6B) (12/07) - Cont.

In re    **Christopher John Dragt,**                                    Case No. _____
      **Deanna Jo Dragt**
                                       ,
                         Debtors

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|:---:|---|:---:|---:|
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | **2012 Volkswagen Routan SE 61,700 Miles KBB Value** | W | 14,041.00 |
| | | **2001 Chevy Malibu 180,000+ Miles Market Value** | H | 1,346.00 |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |

Sub-Total >      **15,387.00**
(Total of this page)

Sheet __2__ of __3__ continuation sheets attached
to the Schedule of Personal Property

B6B (Official Form 6B) (12/07) - Cont.

In re   **Christopher John Dragt,**
        **Deanna Jo Dragt**

Case No. _____

_____,
Debtors

# SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | | **Misc household tools** | J | **200.00** |
| | | **2000 Harley Davidson Road King** **16,548 Miles** **Market Value** | H | **5,840.00** |

Sub-Total >   **6,040.00**
(Total of this page)

Total >   **31,010.45**

Sheet __3__ of __3__ continuation sheets attached
to the Schedule of Personal Property

(Report also on Summary of Schedules)

Software Copyright (c) 1996-2014 - Best Case, LLC - www.bestcase.com

Best Case Bankruptcy

B6C (Official Form 6C) (4/13)

.

In re   **Christopher John Dragt,**                                                              Case No. _____

      **Deanna Jo Dragt**

                                   Debtors

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:     ☐ Check if debtor claims a homestead exemption that exceeds
(Check one box)                                    $155,675. *(Amount subject to adjustment on 4/1/16, and every three years thereafter*
■ 11 U.S.C. §522(b)(2)                                 *with respect to cases commenced on or after the date of adjustment.)*
☐ 11 U.S.C. §522(b)(3)

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---|---|
| **Real Property** | | | |
| **Contract for Deed is located at 529 7th Street South, Sartell, MN 56377 Legal Description:  See attached Exhibit A Stearns County, Minnesota Value based upon 2015 property tax statement** | 11 U.S.C. § 522(d)(1) | 1.00 | 146,100.00 |
| **Checking, Savings, or Other Financial Accounts, Certificates of Deposit** | | | |
| **Wells Fargo-Checking #7660 Sartell, MN** | 11 U.S.C. § 522(d)(5) | 992.45 | 992.45 |
| **ReliaCard-Child Support** | 11 U.S.C. § 522(d)(5) | 11.00 | 11.00 |
| **Household Goods and Furnishings** | | | |
| **Household Goods and Furnishings** | 11 U.S.C. § 522(d)(3) | 500.00 | 500.00 |
| **Computer** | 11 U.S.C. § 522(d)(5) | 520.00 | 520.00 |
| **Books, Pictures and Other Art Objects; Collectibles** | | | |
| **DVDs** | 11 U.S.C. § 522(d)(5) | 10.00 | 10.00 |
| **Wearing Apparel** | | | |
| **Clothing** | 11 U.S.C. § 522(d)(3) | 500.00 | 500.00 |
| **Furs and Jewelry** | | | |
| **Wedding Bands** | 11 U.S.C. § 522(d)(4) | 1,000.00 | 1,000.00 |
| **Firearms and Sports, Photographic and Other Hobby Equipment** | | | |
| **Bikes** | 11 U.S.C. § 522(d)(5) | 50.00 | 50.00 |
| **Interests in Insurance Policies** | | | |
| **Term Life Insurance Policy through State Farm** | 11 U.S.C. § 522(d)(7) | 100% | 0.00 |
| **Other Liquidated Debts Owing Debtor Including Tax Refund** | | | |
| **Projected 2015 Federal, State, and Property Tax Refunds, if any, accrued from 01/01/15 to date of filing, said amounts not to exceed the available amount left in the 11 U.S.C.§522(d)(5) Exemption. (approximately $6,000.00)** | 11 U.S.C. § 522(d)(5) | 6,000.00 | 6,000.00 |
| **Automobiles, Trucks, Trailers, and Other Vehicles** | | | |
| **2012 Volkswagen Routan SE 61,700 Miles KBB Value** | 11 U.S.C. § 522(d)(2) | 1.00 | 14,041.00 |
| **2001 Chevy Malibu 180,000+ Miles Market Value** | 11 U.S.C. § 522(d)(2) | 1,346.00 | 1,346.00 |
| **Other Personal Property of Any Kind Not Already Listed** | | | |
| **Misc household tools** | 11 U.S.C. § 522(d)(5) | 200.00 | 200.00 |

   **1**   continuation sheets attached to Schedule of Property Claimed as Exempt

B6C (Official Form 6C) (4/13) -- Cont.

In re     **Christopher John Dragt,**
       **Deanna Jo Dragt**                                ,

Case No. _____

Debtors

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT
(Continuation Sheet)

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---|---|
| **2000 Harley Davidson Road King**<br>**16,548 Miles**<br>**Market Value** | **11 U.S.C. § 522(d)(5)** | **5,840.00** | **5,840.00** |

|  | Total: | **16,971.45** | **177,110.45** |
|---|---|---|---|

Sheet ___1___ of ___1___ continuation sheets attached to the Schedule of Property Claimed as Exempt

Software Copyright (c) 1996-2014 - Best Case, LLC - www.bestcase.com                Best Case Bankruptcy



| CONTRACT FOR DEED | Form No. 54-M | Minnesota Uniform |
| Individual Seller | (Top 3 Inches Reserved for Recording Data) | Conveyancing Blanks (1985) |

Date:  September 4, 2015

THIS CONTRACT FOR DEED (The "Contract") is made on the above date by
Donna L. Bengtson, a single person

Seller (whether one or more), and   Christopher Dragt and Deanna Dragt, Husband and Wife

Purchaser (whether one or more)
(check box  [X]   if joint tenancy).
Seller and Purchaser agree to the following terms:

1.   PROPERTY DESCRIPTION. Seller hereby sells, and Purchaser hereby buys, real property in _____ Stearns
County, Minnesota, described as follows:

Lot 10, Block 1, Sartell Heights South Plat 3, Stearns County, Minnesota.

together with all hereditaments and appurtenances belonging thereto (the "Property"). Unless otherwise specified, Seller
hereby delivers possession of the Property to Purchaser on the date hereof.

Seller check applicable box:
[X] The Seller certifies that the Seller does not know of any wells on the described real property.
[ ] A well disclosure certificate accompanies this document.
[ ] I am familiar with the property described in this instrument and I certify that the status and number of wells
on the described real property have not changed since the last previously filed well disclosure certificate.

2.   TITLE. Seller warrants that title to the Property is, on the date of this Contract, subject only to the following exceptions:

(a)   Covenants, conditions, restrictions (without effective forfeiture provisions) and declarations of record, if any;
(b)   Reservation of minerals or mineral rights by the State of Minnesota, if any;
(c)   Utility and drainage easements which do not interfere with present improvements;
(d)   Applicable laws, ordinances and regulations;
(e)   The lien of real estate taxes and installments of special assessments which are payable by Purchaser pursuant to
paragraph 6 of this Contract; and
(f)   The following liens or encumbrances:
None

3.   DELIVERY OF DEED AND EVIDENCE OF TITLE. Upon Purchaser's full performance of this Contract, Seller shall:

(a)   Execute, acknowledge and deliver to Purchaser a   Warranty   Deed,
in recordable form, conveying marketable title to the Property to Purchaser, subject only to the following exceptions:
(i)   Those exceptions referred to in paragraph 2(a), (b), (c), (d), and (e) of this Contract;
(ii)   Liens, encumbrances, adverse claims or other matters which Purchaser has created, suffered or permitted to
accrue after the date of this Contract; and
(iii)   The following liens or encumbrances:
None

(b)   Deliver to Purchaser the abstract of title to the Property, without further extension, to the extent required by the
purchase agreement (if any) between Seller and Purchaser.

4.   PURCHASE PRICE. Purchaser shall pay to Seller at 1002 5th Ave N, Sartell, MN  56377

the sum of   One Hundred Forty Seven Thousand

($  147,000.00   ),
as and for the purchase price (the "Purchase Price") for the Property, payable as follows:
Buyer shall make payments in the amount of $680.78 per month or more at the option of Buyer, including interest
at the rate of 3.75% per annum computed on unpaid balances.  Interest shall begin on September 4, 2015, First
payment shall be due on October 4, 2015, and subsequent payments shall be due and payable on the 4th day of
each succeeding month.  Payments shall be credited first to interest and remainder to principal.  The entire
balance of this contract shall be due and payable in full no later than September 4, 2025.  The final payment is a
balloon payment.

5. PREPAYMENT. Unless otherwise provided in this Contract, Purchaser shall have the right to fully or partially prepay this Contract at any time without penalty. Any partial prepayment shall be applied first to payment of amounts then due under this Contract, including unpaid accrued interest, and the balance shall be applied to the principal installments to be paid in the inverse order of their maturity. Partial prepayment shall not postpone the due date of the installments to be paid pursuant to this Contract or change the amount of such installments.

6. REAL ESTATE TAXES AND ASSESSMENTS. Real estate taxes and installments of special assessments which are due and payable in the year in which this Contract is dated shall be paid as follows:
**Buyer shall escrow 1/12 taxes to seller**

Purchaser shall pay, before penalty accrues, all real estate taxes and installments of special assessments assessed against the Property which are due and payable in all subsequent years. Seller warrants that the real estate taxes and installments of special assessments which were due and payable in the years preceding the year in which this Contract is dated are paid in full. If the Property is subject to a recorded declaration providing for assessments to be levied against the Property by any owners' association, Purchaser shall promptly pay, when due, all assessments imposed by the owners' associations or other governing body as required by the provisions of the declaration or other related documents.

7. PROPERTY INSURANCE.

(a) INSURED RISKS AND AMOUNTS. Purchaser shall keep all buildings, improvements and fixtures now or later located or a part of the Property insured against loss by fire, lightning and such other perils as are included in a standard "all risk" endorsement, and against loss or damage by all other risks and hazards covered by a standard extended coverage insurance policy, including, without limitation, vandalism, malicious mischief, burglary, theft and, if applicable, steam boiler explosion. Such insurance shall be in an amount no less than the full replacement cost of the buildings, improvements and fixtures, without deduction for physical depreciation. If any of the buildings, improvements or fixtures are located in a federally designated flood prone area, and if flood insurance is available for that area, Purchaser shall procure and maintain flood insurance in amounts reasonably satisfactory to Seller.

(b) OTHER TERMS. The insurance policy shall contain a loss payable clause in favor of Seller which provides that Seller's right to recover under the insurance shall not be impaired by any acts or omissions of Purchaser or Seller, and that Seller shall otherwise be afforded all rights and privileges customarily provided a mortgagee under the so-called standard mortgage clause.

(c) NOTICE OF DAMAGE. In the event of damage to the Property by fire or other casualty, Purchaser shall promptly give notice of such damage to Seller and the insurance company.

8. DAMAGE TO PROPERTY.

(a) APPLICATION OF INSURANCE PROCEEDS. If the Property is damaged by fire or other casualty, the insurance proceeds paid on account of such damage shall be applied to payment of the amounts payable by Purchaser under this Contract, even if such amounts are not then due to be paid, unless Purchaser makes a permitted election described in the next paragraph. Such amounts shall be first applied to unpaid accrued interest and next to the installments to be paid as provided in this Contract in the inverse order of their maturity. Such payment shall not postpone the due date of installments to be paid pursuant to this Contract or change the amount of such installments. The balance of insurance proceeds, if any, shall be the property of Purchaser.

(b) PURCHASER'S ELECTION TO REBUILD. If Purchaser is not in default under this Contract, or after curing any such default, and if the mortgagees in any prior mortgages and sellers in any prior contracts for deed do not require otherwise, Purchaser may elect to have that portion of such insurance proceeds necessary to repair, replace or restore the damaged Property (the "Repairs") deposited in escrow with a bank or title insurance company qualified to do business in the State of Minnesota, or such other party as may be mutually agreeable to Seller and Purchaser. The election may only be made by written notice to Seller within sixty days after the damage occurs. Also, the election will only be permitted if the plans and specifications and contracts for the Repairs are approved by Seller, which approval Seller shall not unreasonably withhold or delay. If such a permitted election is made by Purchaser, Seller and Purchaser shall jointly deposit, when paid, such insurance proceeds into such escrow. If such insurance proceeds are insufficient for the Repairs, Purchaser shall, before the commencement of the Repairs, deposit into such escrow sufficient additional money to insure the full payment for the Repairs. Even if the insurance proceeds are unavailable or are insufficient to pay the cost of the Repairs, Purchaser shall at all times be responsible to pay the full cost of the Repairs. All escrowed funds shall be disbursed by the escrowee in accordance with generally accepted sound construction disbursement procedures. The costs incurred or to be incurred on account of such escrow shall be deposited by Purchaser into such escrow before the commencement of the Repairs. Purchaser shall complete the Repairs as soon as reasonably possible and in a good and workmanlike manner, and in any event the Repairs shall be completed by Purchaser within one year after the damage occurs. If, following the completion of and payment for the Repairs, there remains any undisbursed escrow funds, such funds shall be applied to payment of the amounts payable by Purchaser under this Contract in accordance with paragraph 8(a) above.

(c) OWNERS ASSOCIATION. If the property is subject to a recorded declaration, so long as the owners' assocation maintains a master or blanket policy of insurance against fire, extended coverage perils and such other hazards and in such amount as are required by this Contract, then (i) Purchaser's obligation in this Contract to maintain hazard insurance coverage on the Property is satisfied; (ii) the provisions of paragraph 8(a) of this Contract regarding application of insurance proceeds shall be superseded by the provisions of the declaration or other related documents; and (iii) in the event of a distribution of insurance proceeds in lieu of restoration or repair following an insured casualty loss to the Property, any such proceeds payable to Purchaser are hereby assigned and shall be paid to Seller for application to the sum secured by this Contract, with the excess, if any, paid to Purchaser.

9. INJURY OR DAMAGE OCCURRING ON THE PROPERTY

(a) LIABILITY. Seller shall be free from liability and claims for damages by reason of injuries occurring on or after the date of this Contract to any person or persons or property while on or about the Property. Purchaser shall defend and indemnify Seller from all liability, loss, cost and obligations, including reasonable attorneys' fees, on account of or arising out of any such injuries. However, Purchaser shall have no liability or obligation to Seller for such injuries

which are caused by the negligence or intentional wrongful acts or omissions of Seller.

(b) LIABILITY INSURANCE. Purchaser shall, at Purchaser's own expense, procure and maintain liability insurance against claims for bodily injury, death and property damage occurring on or about the Property in amounts reasonably satisfactory to Seller and naming Seller as an additional insured.

10. INSURANCE, GENERALLY. The insurance which Purchaser is required to procure and maintain pursuant to paragraphs 7 and 9 of this Contract shall be issued by an insurance company or companies licensed to do business in the State of Minnesota and acceptable to Seller. The insurance shall be maintained by Purchaser at all times while any amount remains unpaid under this Contract. The insurance policies shall provide for not less than ten days' written notice to Seller before cancellation, non-renewal, termination or change in coverage, and Purchaser shall deliver to Seller a duplicate original or certificate of such insurance policy or policies.

11. CONDEMNATION. If all or any part of the Property is taken in condemnation proceedings instituted under power of eminent domain or is conveyed in lieu thereof under threat of condemnation, the money paid pursuant to such condemnation or conveyance in lieu thereof shall be applied to payment of the amounts payable by Purchaser under this Contract, even if such amounts are not then due to be paid. Such amounts shall be applied in the same manner as a prepayment, as provided in paragraph 5 of this Contract. Such payment shall not postpone the due date of the installments to be paid pursuant to this Contract or change the amount of such installments. The balance, if any, shall be the property of Purchaser.

12. WASTE, REPAIR AND LIENS. Purchaser shall not remove or demolish any buildings, improvements or fixtures now or later located on or a part of the Property, nor shall Purchaser commit or allow waste of the Property. Purchaser shall maintain the Property in good condition and repair. Purchaser shall not create or permit to accrue liens or adverse claims against the Property which constitute a lien or claim against Seller's interest in the Property. Purchaser shall pay to Seller all amounts, costs and expenses, including reasonable attorneys' fees, incurred by Seller to remove any such liens or adverse claims.

13. COMPLIANCE WITH LAWS. Except for matters which Seller has created, suffered or permitted to exist prior to the date of this Contract, Purchaser shall comply or cause compliance with all laws and regulations of any governmental authority which affect the Property or the manner of using or operating the same, and with all restrictive covenants, if any, affecting title to the Property or the use thereof.

14. RECORDING OF CONTRACT; DEED TAX. Purchaser shall, at Purchaser's expense, record this Contract in the office of the county recorder or registrar of titles in the county in which the Property is located within four (4) months after the date hereof. Purchaser shall pay any penalty imposed under Minnesota Statutes Section 507.235 for failure to timely record the Contract. Seller shall, upon Purchaser's full performance of this Contract, pay the deed tax due upon the recording of the deed to be delivered by Seller.

15. NOTICE OF ASSIGNMENT. If either Seller or Purchaser assigns their interest in the Property, the assigning party shall promptly furnish a copy of such assignment to the non-assigning party.

16. PROTECTION OF INTERESTS. If Purchaser fails to pay any sum of money required under the terms of this Contract or fails to perform any of the Purchaser's obligations as set forth in this Contract, Seller may, at Seller's option, pay the same or cause the same to be performed, or both, and the amounts so paid by Seller and the cost of such performance shall be payable at once, with interest at the rate stated in paragraph 4 of this Contract, as an additional amount due Seller under this Contract. If there now exists, or if Seller hereafter creates, suffers or permits to accrue, any mortgage, contract for deed, lien or encumbrance against the Property which is not herein expressly assumed by Purchaser, and provided Purchaser is not in default under this Contract, Seller shall timely pay all amounts due thereon, and if Seller fails to do so, Purchaser may, at Purchaser's option, pay any such delinquent amounts or take any actions reasonably necessary to cure defaults thereunder and deduct the amounts so paid together with interest at the rate provided in this Contract from the payments next coming due under this Contract.

17. DEFAULT AND REMEDIES. The time of performance by Purchaser of the terms of this Contract is an essential part of this Contract. If Purchaser fails to timely perform any term of this Contract, Seller may, at Seller's option, elect to declare this Contract cancelled and terminated by notice to Purchaser in accordance with applicable law or elect any other remedy available at law or in equity. If Seller elects to terminate this Contract, all right, title and interest acquired under this Contract by Purchaser shall then cease and terminate, and all improvements made upon the Property and all payments made by Purchaser pursuant to this Contract (including escrow payments, if any) shall belong to Seller as liquidated damages for breach of this Contract. Neither this Contract (including escrow payments, if any) shall belong to Seller as liquidated damages for breach of this Contract. Neither the extension of the time for payment of any sum of money to be paid hereunder nor any waiver by Seller of Seller's rights to declare this Contract forfeited by reason of any breach shall in any manner affect Seller's right to cancel this Contract because of defaults subsequently occurring, and no extension of time shall be valid unless agreed to in writing. After service of notice of default and failure to cure such default within the period allowed by law, Purchaser shall, upon demand, surrender possession of the Property to Seller, but Purchaser shall be entitled to possession of the Property until the expiration of such period. Failure by Seller to exercise one or more remedies available under this paragraph 17 shall not constitute a waiver of the right to exercise such remedy or remedies thereafter.

18. BINDING EFFECT. The terms of this Contract shall run with the land and bind the parties hereto and their successors in interest.

19. HEADINGS. Headings of the paragraphs of this Contract are for convenience only and do not define, limit or construe the contents of such paragraphs.

20.  ADDITIONAL TERMS:  Check here  ☒  if an Addendum to Contract for Deed containing additional terms and conditions is attached hereto:

SELLER

Donna L. Bengtson
_____
Donna L. Bengtson

_____

_____

PURCHASER

_____
Christopher Dragt

_____
Deanna Dragt

_____

STATE OF MINNESOTA
COUNTY OF   STEARNS   } ss.

This instrument was acknowledged before me on   9/4/2015
by   Donna L. Bengtson, A single person

NOTARIAL STAMP OR SEAL (OR OTHER TITLE OR RANK)

SHARON MARIE DECKER
NOTARY PUBLIC-MINNESOTA
My Comm. Exp. Jan. 31, 2020

_____
SIGNATURE OF NOTARY PUBLIC OR OTHER OFFICIAL

STATE OF MINNESOTA
COUNTY OF   STEARNS   } ss.

This instrument was acknowledged before me on September 4, 2015
by   Christopher Dragt and Deanna Dragt, Husband and Wife

NOTARIAL STAMP OR SEAL (OR OTHER TITLE OR RANK)

SHARON MARIE DECKER
NOTARY PUBLIC-MINNESOTA
My Comm. Exp. Jan. 31, 2020

_____
SIGNATURE OF NOTARY PUBLIC OR OTHER OFFICIAL

Check here if all or part of the land is Registered (Torrens)  ☐

THIS INSTRUMENT WAS DRAFTED BY (NAME & ADDRESS):

Home Title
3950 3rd Street North
St. Cloud, MN  56303
(320)258-5837

File No: 161506605

Tax statements for the real property described in this instrument should be sent to (include name and address of Grantee):

Christopher Dragt and
Deanna Dragt

529 7th Street S
Sartell, MN  56377

Bill to:
Donna L. Bengtson
1002 - 5th Ave N
Sartell MN 56377

**FAILURE TO RECORD THIS CONTRACT FOR DEED MAY GIVE OTHER PARTIES PRIORITY OVER PURCHASER'S INTEREST IN THE PROPERTY.**

B6D (Official Form 6D) (12/07)

In re    **Christopher John Dragt,**                              Case No. _____
         **Deanna Jo Dragt**
_____,
                    Debtors

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is a creditor, the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor" ,include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community".

If the claim is contingent, place an "X" in the column labeled "Contingent". If the claim is unliquidated, place an "X" in the column labeled "Unliquidated". If the claim is disputed, place an "X" in the column labeled "Disputed". (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion" on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HWJC | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| Account No.<br><br>**Donna Bengston<br>1002 5th Avenue North<br>Sartell, MN 56377** | | J | **Mortgage**<br><br>**Contract for Deed**<br><br>Value $     **146,100.00** | | | | **147,000.00** | **900.00** |
| Account No.<br><br>**Donna Bengston<br>1002 5th Avenue North<br>Sartell, MN 56377** | | W | **2012 Volkswagen Routan SE Promissory Note**<br><br>Value $     **14,041.00** | | | | **17,641.00** | **3,600.00** |
| Account No.<br><br><br> | | | <br><br>Value $ | | | | | |
| Account No.<br><br><br> | | | <br><br>Value $ | | | | | |

**0** continuation sheets attached

|  | Subtotal<br>(Total of this page) | **164,641.00** | **4,500.00** |
|---|---|---|---|
|  | Total<br>(Report on Summary of Schedules) | **164,641.00** | **4,500.00** |

Software Copyright (c) 1996-2014 - Best Case, LLC - www.bestcase.com

B6E (Official Form 6E) (4/13)

.

In re   **Christopher John Dragt,**                                          Case No. _____
          **Deanna Jo Dragt,**
                                                                                    ,
_____
                              Debtors

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts <u>not</u> entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

■ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS** (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐ **Domestic support obligations**

Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $12,475* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐ **Certain farmers and fishermen**

Claims of certain farmers and fishermen, up to $6,150* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**

Claims of individuals up to $2,775* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

☐ **Taxes and certain other debts owed to governmental units**

Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to maintain the capital of an insured depository institution**

Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

☐ **Claims for death or personal injury while debtor was intoxicated**

Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

* Amount subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

**0**      continuation sheets attached

B6F (Official Form 6F) (12/07)

In re   **Christopher John Dragt,**
      **Deanna Jo Dragt**

Case No. _____

_____
Debtors

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐  Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. xxxxxxx7819<br><br>**Cach, Llc**<br>4340 S Monaco St Unit 2<br>Denver, CO 80237 | | W | **Opened  6/01/15**<br><br>**Credit Card- Collection Attorney Mid America Bank   Trust Compa** | | | | 1,729.00 |
| Account No.<br><br>**Bankcard Services**<br>PO Box 23065<br>Columbus, GA 31902-3065 | | | Representing:<br>Cach, Llc | | | | Notice Only |
| Account No. 7866<br><br>**Capital One**<br>PO Box 60599<br>City of Industry, CA 91716-0599 | | W | Credit Card | | | | 461.08 |
| Account No.<br><br>**Firstsource Advantage, LLC**<br>PO Box 628<br>Buffalo, NY 14240-0628 | | | Representing:<br>Capital One | | | | Notice Only |

|  | Subtotal<br>(Total of this page) | 2,190.08 |
|---|---|---|

___8___ continuation sheets attached

Software Copyright (c) 1996-2014 - Best Case, LLC - www.bestcase.com

B6F (Official Form 6F) (12/07) - Cont.

In re **Christopher John Dragt,**
      **Deanna Jo Dragt,**

Case No. _____

_____ ,
                      Debtors

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. **xxxx-xxxx-xxxx-6014** <br><br> **Capital One** <br> **PO Box 60599** <br> **City of Industry, CA 91716-0599** | | W | Credit Card | | | | 389.80 |
| Account No. <br><br> **Cash Central** <br> **PO Box 6430** <br> **Logan, UT 84341-6430** | | J | Payday Loan | | | | 406.00 |
| Account No. **xxxxxxxx2377** <br><br> **Century Link** <br> **PO Box 91154** <br> **Seattle, WA 98111-9254** | | H | Utility Bill | | | | 136.29 |
| Account No. <br><br> **Afni Inc** <br> **PO Box 3517** <br> **Bloomington, IL 61702** | | | Representing: <br> Century Link | | | | Notice Only |
| Account No. **1878** <br><br> **Chase** <br> **PO Box 94014** <br> **Palatine, IL 60094-4014** | | J | Credit Card | | | | 1,870.09 |

Sheet no. __1__ of __8__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

**2,802.18**

B6F (Official Form 6F) (12/07) - Cont.

In re   **Christopher John Dragt,**
**Deanna Jo Dragt,**

Case No. _____

_____,
Debtors

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. | | | Representing: Chase | | | | **Notice Only** |
| **LTD Financial Services** 7322 Southwest Fwy Ste 1600 Houston, TX 77074-2053 | | | | | | | |
| Account No. **xxxxxxxxxxx6899** | | | Opened 9/01/08 Last Active 10/31/15 | | | | |
| **Dept Of Education/neln** 121 S 13th St Lincoln, NE 68508 | | W | Educational | | | | 8,855.00 |
| Account No. **xxxxxxxxxxx1699** | | | Opened 7/01/09 Last Active 10/31/15 | | | | |
| **Dept Of Education/neln** 121 S 13th St Lincoln, NE 68508 | | W | Educational | | | | 6,363.00 |
| Account No. **xxxxxxxxxxx6799** | | | Opened 9/01/08 Last Active 10/31/15 | | | | |
| **Dept Of Education/neln** 121 S 13th St Lincoln, NE 68508 | | W | Educational | | | | 4,286.00 |
| Account No. **xxxxxxxxxxx1599** | | | Opened 7/01/09 Last Active 10/31/15 | | | | |
| **Dept Of Education/neln** 121 S 13th St Lincoln, NE 68508 | | W | Educational | | | | 3,250.00 |

Sheet no. __2__ of __8__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

22,754.00

B6F (Official Form 6F) (12/07) - Cont.

In re    **Christopher John Dragt,**    **Deanna Jo Dragt,**

Case No. _____

_____,
Debtors

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. **xxxxxxxxxx4599**<br><br>**Dept Of Education/neln<br>121 S 13th St<br>Lincoln, NE 68508** | | W | Opened  2/01/11  Last Active 10/31/15<br><br>Educational | | | | 2,925.00 |
| Account No. **xxxxxxxxxxx1786**<br><br>**Dept Of Education/neln<br>121 S 13th St<br>Lincoln, NE 68508** | | W | Opened  7/01/11  Last Active 10/31/15<br><br>Educational | | | | 2,570.00 |
| Account No. **xxxxxxxxxxx1686**<br><br>**Dept Of Education/neln<br>121 S 13th St<br>Lincoln, NE 68508** | | W | Opened  7/01/11  Last Active 10/31/15<br><br>Educational | | | | 1,273.00 |
| Account No. **xxxxxxxxxx5086**<br><br>**Dept Of Education/neln<br>121 S 13th St<br>Lincoln, NE 68508** | | W | Opened  3/01/12  Last Active 10/31/15<br><br>Educational | | | | 1,273.00 |
| Account No. **xxxxxxxxxx5186**<br><br>**Dept Of Education/neln<br>121 S 13th St<br>Lincoln, NE 68508** | | W | Opened  3/01/12  Last Active 10/31/15<br><br>Educational | | | | 1,194.00 |

Sheet no. __3__ of __8__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

9,235.00

B6F (Official Form 6F) (12/07) - Cont.

In re    **Christopher John Dragt,**
         **Deanna Jo Dragt,**

Case No. _____

_____,
                    Debtors

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No.                                **Direct TV** PO Box 78626 Phoenix, AZ 85062-8626 | | H | Utility Bill | | | | 172.28 |
| Account No.                                **First National Collec. Bur. In** 610 Waltham Way McCarran, NV 89434-6695 | | | Representing: Direct TV | | | | Notice Only |
| Account No. 3193                           **Discover Card** PO Box 30395 Salt Lake City, UT 84130-0395 | | H | Credit Card | | | | 6,979.44 |
| Account No.                                **Gurstel Chargo** 6681 Country Club Dr Golden Valley, MN 55427-4601 | | | Representing: Discover Card | | | | Notice Only |
| Account No. xxxxx1970                       **Enhanced Recovery Co L** 8014 Bayberry Rd Jacksonville, FL 32256 | | W | Opened 10/01/14 Collection Attorney Sprint | | | | 55.00 |

Sheet no. __4__ of __8__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

7,206.72

Best Case Bankruptcy

B6F (Official Form 6F) (12/07) - Cont.

In re    **Christopher John Dragt,**
     **Deanna Jo Dragt,**

Case No. _____

                                   Debtors

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. **xxxxxxxxxxx9097** <br><br> **Lvnv Funding Llc** <br> **Po Box 10497** <br> **Greenville, SC 29603** | | H | **Opened  6/01/15** <br><br> **Credit Card- Factoring Company Account** <br> **Credit One Bank  N.A.** | | | | **712.00** |
| Account No. <br><br> **Credit One Bank** <br> **PO Box 60500** <br> **City of Industry, CA 91716-0500** | | | **Representing:** <br> **Lvnv Funding Llc** | | | | **Notice Only** |
| Account No. **xxxxxx0023** <br><br> **Midland Funding** <br> **2365 Northside Dr Ste 30** <br> **San Diego, CA 92108** | | H | **Opened  2/01/15** <br><br> **Credit Card- Factoring Company Account** <br> **Citibank  N.A.** | | | | **3,423.00** |
| Account No. <br><br> **Sears** <br> **PO Box 6275** <br> **Sioux Falls, SD 57117-6275** | | | **Representing:** <br> **Midland Funding** | | | | **Notice Only** |
| Account No. **xxxxxx9141** <br><br> **Nissan-infiniti Lt** <br> **Pob 660366** <br> **Dallas, TX 75266** | | J | **Opened  8/18/12  Last Active  8/28/15** <br><br> **Returned Auto Lease** | | | | **3,006.00** |
| Sheet no. __5__ of __8__ sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims | | | Subtotal <br> (Total of this page) | | | | **7,141.00** |

B6F (Official Form 6F) (12/07) - Cont.

In re  **Christopher John Dragt,**
      **Deanna Jo Dragt,**

                           Debtors

Case No. _____

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|---|
| | | H | W J C | | | | | | |
| Account No. xxxxxxxxxxx2392<br><br>**OneMain Financial**<br>**1415 1st St S Ste 2**<br>**Willmar, MN 56201-3487** | | J | | | Opened 10/01/13 Last Active 8/21/15<br><br>**Personal Loan** | | | | 6,356.00 |
| Account No. xxxxxxxxxxxx0330<br><br>**Portfolio Recovery Ass**<br>**120 Corporate Blvd Ste 1**<br>**Norfolk, VA 23502** | | W | | | Opened 3/01/14<br><br>**Credit Card- Factoring Company Account**<br>**Capital One Bank Usa N.A.** | | | | 515.00 |
| Account No.<br><br>**Capital One**<br>**PO Box 60599**<br>**City of Industry, CA 91716-0599** | | | | | Representing:<br>**Portfolio Recovery Ass** | | | | Notice Only |
| Account No. xxxxxxxxxxxx6838<br><br>**Syncb/sams Club Dc**<br>**Po Box 965005**<br>**Orlando, FL 32896** | | W | | | Opened 8/01/09 Last Active 10/27/15<br><br>**Credit Card** | | | | Unknown |
| Account No. xxxxxxxxxxxx0891<br><br>**The Buckle**<br>**PO Box 659704**<br>**San Antonio, TX 78265-9704** | | W | | | **Credit Card** | | | | 1,727.95 |

Sheet no. __6__ of __8__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

**8,598.95**

B6F (Official Form 6F) (12/07) - Cont.

In re  **Christopher John Dragt,**
**Deanna Jo Dragt,**                                                    Case No. _____

_____,
                                    Debtors

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. | | | | | | | |
| **Credit Control, LLC** **5757 Phantom Dr Ste 330** **Hazelwood, MO 63042-2429** | | | Representing: **The Buckle** | | | | **Notice Only** |
| Account No. **xxxx0354** | | | Opened  9/01/14 | | | | |
| **Unique National Collec** **119 E Maple St** **Jeffersonville, IN 47130** | | W | **Unpaid Debt- Collection Attorney Great River Regional Library** | | | | **57.00** |
| Account No. | | | | | | | |
| **Great River Regional Library** **1300 W Saint Germain St** **Saint Cloud, MN 56301-3414** | | | Representing: **Unique National Collec** | | | | **Notice Only** |
| Account No. | | | Security System | | | | |
| **Vivint Security** **4931 N 300 W** **Provo, UT 84604-5816** | | W | | | | | **1,754.00** |
| Account No. **xxxxxxxxxxx7814** | | | Opened 12/28/01  Last Active  5/31/07 | | | | |
| **Wells Fargo** **Credit Bureau Disp** **Des Moines, IA 50306** | | W | **Credit Card** | | | | **Unknown** |

| | | |
|---|---|---|
| Sheet no. __7__ of __8__ sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims | Subtotal (Total of this page) | **1,811.00** |

B6F (Official Form 6F) (12/07) - Cont.

In re  **Christopher John Dragt,**
    **Deanna Jo Dragt,**

Case No. _____

_____,
Debtors

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. **xxxxxx0391**<br><br>**Wells Fargo Bank**<br>**Credit Bureau Disp**<br>**Des Moines, IA 50306** | | W | **Opened 12/01/01  Last Active 10/12/15**<br><br>**Credit Card** | | | | 448.00 |
| Account No. | | | | | | | |
| Account No. | | | | | | | |
| Account No. | | | | | | | |
| Account No. | | | | | | | |

Sheet no. __8___ of __8___ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

| | | |
|---|---|---|
| Subtotal<br>(Total of this page) | | 448.00 |
| Total<br>(Report on Summary of Schedules) | | 62,186.93 |

Software Copyright (c) 1996-2014 - Best Case, LLC - www.bestcase.com

Best Case Bankruptcy

B6G (Official Form 6G) (12/07)

.

In re  **Christopher John Dragt,**                                    Case No. _____
        **Deanna Jo Dragt**
_____,
                              Debtors

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property.  Include any timeshare interests.  State nature of debtor's interest in contract, i.e., "Purchaser", "Agent", etc.  State whether debtor is the lessor or lessee of a lease.  Provide the names and complete mailing addresses of all other parties to each lease or contract described.  If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian."  Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐ Check this box if debtor has no executory contracts or unexpired leases.

| Name and Mailing Address, Including Zip Code, of Other Parties to Lease or Contract | Description of Contract or Lease and Nature of Debtor's Interest. State whether lease is for nonresidential real property. State contract number of any government contract. |
|---|---|
| **Century Link**<br>**PO Box 91154**<br>**Seattle, WA 98111-9254** | **2 year contract** |
| **Donna Bengtson**<br>**1002 5th Avenue North**<br>**Sartell, MN 56377** | **Contract for Deed** |
| **Verizon Wireless**<br>**PO Box 25505**<br>**Lehigh Valley, PA 18002-5505** | **2 year cell phone contract** |
| **Vivint Security**<br>**4931 N 300 W**<br>**Provo, UT 84604-5816** | **Security System; Expires 12/30/2018** |

**0**
_____ continuation sheets attached to Schedule of Executory Contracts and Unexpired Leases

Software Copyright (c) 1996-2014 - Best Case, LLC - www.bestcase.com                                                    Best Case Bankruptcy

B6H (Official Form 6H) (12/07)

.

In re    **Christopher John Dragt,**                                           Case No. _____
         **Deanna Jo Dragt**

_____,
                                    Debtors

# SCHEDULE H - CODEBTORS

   Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors. Include all guarantors and co-signers. If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

■  Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| | |

**0**
_____ continuation sheets attached to Schedule of Codebtors

Software Copyright (c) 1996-2014 - Best Case, LLC - www.bestcase.com                                        Best Case Bankruptcy

Fill in this information to identify your case:

| | |
|---|---|
| Debtor 1 | **Christopher John Dragt** |
| Debtor 2 (Spouse, if filing) | **Deanna Jo Dragt** |
| United States Bankruptcy Court for the: | DISTRICT OF MINNESOTA |
| Case number (If known) | |

Check if this is:
☐ An amended filing
☐ A supplement showing post-petition chapter 13 income as of the following date:

_____
MM / DD/ YYYY

## Official Form B 6I

# Schedule I: Your Income                                              12/13

**Be as complete and accurate as possible. If two married people are filing together (Debtor 1 and Debtor 2), both are equally responsible for supplying correct information. If you are married and not filing jointly, and your spouse is living with you, include information about your spouse. If you are separated and your spouse is not filing with you, do not include information about your spouse. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.**

| Part 1: | Describe Employment |
|---|---|

1. **Fill in your employment information.**

   If you have more than one job, attach a separate page with information about additional employers.

   Include part-time, seasonal, or self-employed work.

   Occupation may include student or homemaker, if it applies.

| | | Debtor 1 | Debtor 2 or non-filing spouse |
|---|---|---|---|
| | Employment status | ☑ Employed<br>☐ Not employed | ☐ Employed<br>☑ Not employed |
| | Occupation | **Truck Driver** | **Homemaker** |
| | Employer's name | **Marson Contractors, Inc.** | |
| | Employer's address | **3636 Quail Rd NE**<br>**Sauk Rapids, MN 56379-9444** | |
| | How long employed there? | **1 Year** | |

| Part 2: | Give Details About Monthly Income |
|---|---|

**Estimate monthly income as of the date you file this form.** If you have nothing to report for any line, write $0 in the space. Include your non-filing spouse unless you are separated.

If you or your non-filing spouse have more than one employer, combine the information for all employers for that person on the lines below. If you need more space, attach a separate sheet to this form.

| | | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|---|
| 2. | List monthly gross wages, salary, and commissions (before all payroll deductions). If not paid monthly, calculate what the monthly wage would be. | 2. | $ **3,779.75** | $ **0.00** |
| 3. | Estimate and list monthly overtime pay. | 3. | +$ **0.00** | +$ **0.00** |
| 4. | Calculate gross Income. Add line 2 + line 3. | 4. | $ **3,779.75** | $ **0.00** |

Debtor 1    **Christopher John Dragt**
Debtor 2    **Deanna Jo Dragt**

Case number (*if known*) _____

| | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|
| **Copy line 4 here** | 4. | $  **3,779.75** | $  **0.00** |

5.  **List all payroll deductions:**

| | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|
| 5a.  **Tax, Medicare, and Social Security deductions** | 5a. | $  **562.12** | $  **0.00** |
| 5b.  **Mandatory contributions for retirement plans** | 5b. | $  **0.00** | $  **0.00** |
| 5c.  **Voluntary contributions for retirement plans** | 5c. | $  **0.00** | $  **0.00** |
| 5d.  **Required repayments of retirement fund loans** | 5d. | $  **0.00** | $  **0.00** |
| 5e.  **Insurance** | 5e. | $  **0.00** | $  **0.00** |
| 5f.  **Domestic support obligations** | 5f. | $  **0.00** | $  **0.00** |
| 5g.  **Union dues** | 5g. | $  **0.00** | $  **0.00** |
| 5h.  **Other deductions.** Specify: _____ | 5h.+ | $  **0.00** + | $  **0.00** |

| | | | |
|---|---|---|---|
| 6.  **Add the payroll deductions.**  Add lines 5a+5b+5c+5d+5e+5f+5g+5h. | 6. | $  **562.12** | $  **0.00** |
| 7.  **Calculate total monthly take-home pay.**  Subtract line 6 from line 4. | 7. | $  **3,217.63** | $  **0.00** |

8.  **List all other income regularly received:**

8a.  **Net income from rental property and from operating a business, profession, or farm**
Attach a statement for each property and business showing gross receipts, ordinary and necessary business expenses, and the total monthly net income.

| | | | |
|---|---|---|---|
| | 8a. | $  **0.00** | $  **0.00** |
| 8b.  **Interest and dividends** | 8b. | $  **0.00** | $  **0.00** |

8c.  **Family support payments that you, a non-filing spouse, or a dependent regularly receive**
Include alimony, spousal support, child support, maintenance, divorce settlement, and property settlement.

| | | | |
|---|---|---|---|
| | 8c. | $  **0.00** | $  **483.00** |
| 8d.  **Unemployment compensation** | 8d. | $  **0.00** | $  **0.00** |
| 8e.  **Social Security** | 8e. | $  **0.00** | $  **0.00** |

8f.  **Other government assistance that you regularly receive**
Include cash assistance and the value (if known) of any non-cash assistance that you receive, such as food stamps (benefits under the Supplemental Nutrition Assistance Program) or housing subsidies.
Specify: _____

| | | | |
|---|---|---|---|
| | 8f. | $  **0.00** | $  **0.00** |
| 8g.  **Pension or retirement income** | 8g. | $  **0.00** | $  **0.00** |
| 8h.  **Other monthly income.** Specify: _____ | 8h.+ | $  **0.00** + | $  **0.00** |

| | | | |
|---|---|---|---|
| 9.  **Add all other income.**  Add lines 8a+8b+8c+8d+8e+8f+8g+8h. | 9. | $  **0.00** | $  **483.00** |

| | | | | | |
|---|---|---|---|---|---|
| 10.  **Calculate monthly income.**  Add line 7 + line 9. | 10. | $  **3,217.63** + | $  **483.00** = | $  **3,700.63** |
| Add the entries in line 10 for Debtor 1 and Debtor 2 or non-filing spouse. | | | | |

11.  **State all other regular contributions to the expenses that you list in Schedule J.**
Include contributions from an unmarried partner, members of your household, your dependents, your roommates, and other friends or relatives.
Do not include any amounts already included in lines 2-10 or amounts that are not available to pay expenses listed in *Schedule J*.
Specify: _____    11.  +$  **0.00**

12.  **Add the amount in the last column of line 10 to the amount in line 11.**  The result is the combined monthly income.
Write that amount on the *Summary of Schedules* and *Statistical Summary of Certain Liabilities* and Related *Data*, if it applies    12.  $  **3,700.63**

**Combined monthly income**

13.  **Do you expect an increase or decrease within the year after you file this form?**
■  No.
☐  Yes. Explain: _____

Fill in this information to identify your case:

| | |
|---|---|
| Debtor 1 | **Christopher John Dragt** |
| Debtor 2 (Spouse, if filing) | **Deanna Jo Dragt** |
| United States Bankruptcy Court for the: | DISTRICT OF MINNESOTA |
| Case number (If known) | |

Check if this is:

☐ An amended filing

☐ A supplement showing post-petition chapter 13 expenses as of the following date:

_____
MM / DD / YYYY

☐ A separate filing for Debtor 2 because Debtor 2 maintains a separate household

## Official Form B 6J
# Schedule J: Your Expenses                                        12/13

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach another sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1:    Describe Your Household

1.  **Is this a joint case?**

    ☐ No. Go to line 2.

    ■ Yes. **Does Debtor 2 live in a separate household?**

    ■ No

    ☐ Yes. Debtor 2 must file a separate Schedule J.

2.  **Do you have dependents?**    ☐ No

    Do not list Debtor 1 and Debtor 2.    ■ Yes.    Fill out this information for each dependent..............

    Do not state the dependents' names.

| Dependent's relationship to Debtor 1 or Debtor 2 | Dependent's age | Does dependent live with you? |
|---|---|---|
| **Baby** | | ☐ No  ■ Yes |
| **Son** | 2 | ☐ No  ■ Yes |
| **Daughter** | 8 | ☐ No  ■ Yes |
| | | ☐ No  ☐ Yes |

3.  **Do your expenses include expenses of people other than yourself and your dependents?**

    ■ No

    ☐ Yes

### Part 2:    Estimate Your Ongoing Monthly Expenses

Estimate your expenses as of your bankruptcy filing date unless you are using this form as a supplement in a Chapter 13 case to report expenses as of a date after the bankruptcy is filed. If this is a supplemental *Schedule J*, check the box at the top of the form and fill in the applicable date.

Include expenses paid for with non-cash government assistance if you know the value of such assistance and have included it on *Schedule I: Your Income* (Official Form 6I.)

| | Your expenses |
|---|---|

4.  **The rental or home ownership expenses for your residence.** Include first mortgage payments and any rent for the ground or lot.            4.  $ _____ 680.78

    **If not included in line 4:**

    4a.   Real estate taxes                                              4a.  $ _____ 154.17
    4b.   Property, homeowner's, or renter's insurance                   4b.  $ _____ 76.33
    4c.   Home maintenance, repair, and upkeep expenses                  4c.  $ _____ 100.00
    4d.   Homeowner's association or condominium dues                    4d.  $ _____ 0.00

5.  **Additional mortgage payments for your residence,** such as home equity loans    5.  $ _____ 0.00

---

Debtor 1   **Christopher John Dragt**
Debtor 2   **Deanna Jo Dragt**                                          Case number (if known)  _____

| | | | | |
|---|---|---|---|---|
| 6. | **Utilities:** | | | |
| | 6a.   Electricity, heat, natural gas | 6a. | $ | **120.00** |
| | 6b.   Water, sewer, garbage collection | 6b. | $ | **100.00** |
| | 6c.   Telephone, cell phone, Internet, satellite, and cable services | 6c. | $ | **0.00** |
| | 6d.   Other. Specify:   **Cell Phone** | 6d. | $ | **376.21** |
| | **Cable** | | $ | **120.00** |
| | **Internet** | | $ | **35.95** |
| | **Garbage** | | $ | **22.19** |
| 7. | **Food and housekeeping supplies** | 7. | $ | **800.00** |
| 8. | **Childcare and children's education costs** | 8. | $ | **50.00** |
| 9. | **Clothing, laundry, and dry cleaning** | 9. | $ | **200.00** |
| 10. | **Personal care products and services** | 10. | $ | **120.00** |
| 11. | **Medical and dental expenses** | 11. | $ | **75.00** |
| 12. | **Transportation.** Include gas, maintenance, bus or train fare. Do not include car payments. | 12. | $ | **290.00** |
| 13. | **Entertainment, clubs, recreation, newspapers, magazines, and books** | 13. | $ | **100.00** |
| 14. | **Charitable contributions and religious donations** | 14. | $ | **10.00** |
| 15. | **Insurance.** Do not include insurance deducted from your pay or included in lines 4 or 20. | | | |
| | 15a.   Life insurance | 15a. | $ | **77.45** |
| | 15b.   Health insurance | 15b. | $ | **0.00** |
| | 15c.   Vehicle insurance | 15c. | $ | **158.76** |
| | 15d.   Other insurance. Specify: | 15d. | $ | **0.00** |
| 16. | **Taxes.** Do not include taxes deducted from your pay or included in lines 4 or 20. Specify: | 16. | $ | **0.00** |
| 17. | **Installment or lease payments:** | | | |
| | 17a.   Car payments for Vehicle 1 | 17a. | $ | **254.00** |
| | 17b.   Car payments for Vehicle 2 | 17b. | $ | **0.00** |
| | 17c.   Other. Specify: | 17c. | $ | **0.00** |
| | 17d.   Other. Specify: | 17d. | $ | **0.00** |
| 18. | **Your payments of alimony, maintenance, and support that you did not report as deducted from your pay on line 5, *Schedule I, Your Income* (Official Form 6I).** | 18. | $ | **0.00** |
| 19. | **Other payments you make to support others who do not live with you.** Specify: | 19. | $ | **0.00** |
| 20. | **Other real property expenses not included in lines 4 or 5 of this form or on *Schedule I: Your Income.*** | | | |
| | 20a.   Mortgages on other property | 20a. | $ | **0.00** |
| | 20b.   Real estate taxes | 20b. | $ | **0.00** |
| | 20c.   Property, homeowner's, or renter's insurance | 20c. | $ | **0.00** |
| | 20d.   Maintenance, repair, and upkeep expenses | 20d. | $ | **0.00** |
| | 20e.   Homeowner's association or condominium dues | 20e. | $ | **0.00** |
| 21. | **Other:** Specify: | 21. | +$ | **0.00** |
| 22. | **Your monthly expenses.** Add lines 4 through 21. The result is your monthly expenses. | 22. | $ | **3,920.84** |
| 23. | **Calculate your monthly net income.** | | | |
| | 23a.   Copy line 12 *(your combined monthly income)* from Schedule I. | 23a. | $ | **3,700.63** |
| | 23b.   Copy your monthly expenses from line 22 above. | 23b. | -$ | **3,920.84** |
| | 23c.   Subtract your monthly expenses from your monthly income. The result is your *monthly net income.* | 23c. | $ | **-220.21** |

24.   **Do you expect an increase or decrease in your expenses within the year after you file this form?**
For example, do you expect to finish paying for your car loan within the year or do you expect your mortgage payment to increase or decrease because of a modification to the terms of your mortgage?

■ No.
☐ Yes.
Explain: _____

B6 Declaration (Official Form 6 - Declaration). (12/07)

# United States Bankruptcy Court
## District of Minnesota

In re    **Christopher John Dragt**
         **Deanna Jo Dragt**                                              Case No.
                                              Debtor(s)                   Chapter    **7**

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

## DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of ___**34**___ sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date    **November 19, 2015**          Signature    **/s/ Christopher John Dragt**
                                                     **Christopher John Dragt**
                                                     Debtor

Date    **November 19, 2015**          Signature    **/s/ Deanna Jo Dragt**
                                                     **Deanna Jo Dragt**
                                                     Joint Debtor

*Penalty for making a false statement or concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§ 152 and 3571.

B7 (Official Form 7) (04/13)

# United States Bankruptcy Court
## District of Minnesota

In re    **Christopher John Dragt**        Case No. _____

       **Deanna Jo Dragt**

                                       Debtor(s)        Chapter     **7** _____

# STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

*DEFINITIONS*

*"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

*"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any persons in control of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(2), (31).

---

**1. Income from employment or operation of business**

None    ☐

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| $44,575.68 | 2015 YTD: Husband Employment Income |
| $34,149.07 | 2014: Husband Employment Income |
| $29,406.32 | 2013: Husband Employment Income |
| $0.00 | 2015 YTD: Wife Employment Income-NONE |
| $3,352.00 | 2014: Wife Employment Income |
| $20,224.07 | 2013: Wife Employment Income |

B7 (Official Form 7) (04/13)
2

## 2. Income other than from employment or operation of business

None ☐

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| $5,491.00 | 2015 YTD: Husband Unemployment |
| $5,039.48 | 2015 YTD: Wife Child Support |
| $6,344.95 | 2014: Wife Child Support |
| $6,916.52 | 2013: Wife Child Support |
| $664.82 | 2015: Wife 401K Cashout |
| $389.44 | 2014: Husband 401K Cashout |

## 3. Payments to creditors

None ■

***Complete a. or b., as appropriate, and c.***

a. *Individual or joint debtor(s) with primarily consumer debts:* List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

None ■

b. *Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within **90 days** immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $6,225*.  If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency.  (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|

None ■

c. *All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

## 4.  Suits and administrative proceedings, executions, garnishments and attachments

None ☐

a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|

*  *Amount subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

B7 (Official Form 7) (04/13)
3

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| **Discover Bank vs Christopher J Dragt** | **Contract** | **Stearns County, Minnesota** | **Summons & Complaint** |

None ■    b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

### 5. Repossessions, foreclosures and returns

None ■    List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

### 6. Assignments and receiverships

None ■    a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|

None ■    b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|

### 7. Gifts

None ■    List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|

### 8. Losses

None ■    List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case.** (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|

B7 (Official Form 7) (04/13)
4

**9.  Payments related to debt counseling or bankruptcy**

None
☐    List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of the petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYER IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- |
| **Heller & Thyen, P.A.**<br>**606 25th Avenue South, Suite 110**<br>**St. Cloud, MN 56301** | **10/2/2015** | **$800.00** |
| **Access Counseling, Inc**<br>**633 W 5th St Ste 26001**<br>**Los Angeles, CA 90071-2005** | **10/7/2015** | **$9.00** |

**10.  Other transfers**

None
■    a.  List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
| --- | --- | --- |

None
■    b.  List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
| --- | --- | --- |

**11.  Closed financial accounts**

None
☐    List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
| --- | --- | --- |
| **Wells Fargo** | **Checking** | **Zero Balance; Closed 12/2014** |

**12.  Safe deposit boxes**

None
■    List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
| --- | --- | --- | --- |

B7 (Official Form 7) (04/13)
5

### 13. Setoffs

None
■ | List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|

### 14. Property held for another person

None
■ | List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
|---|---|---|

### 15. Prior address of debtor

None
☐ | If the debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
|---|---|---|
| 1575 Amber Avenue South, Apt 204<br>Sartell, MN 56377 | Christopher & Deanna Dragt | 6/2014 - 6/2015 |
| 1002 5th Avenue North<br>Sartell, MN 56377 | Christopher & Deanna Dragt | 12/2013 - 6/2014 |
| 410 South Miller Avenue<br>Litchfield, MN 55355 | Christopher & Deanna Dragt | 1/2012 - 12/2013 |

### 16. Spouses and Former Spouses

None
■ | If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

### 17. Environmental Information.

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law

None
■ | a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF<br>GOVERNMENTAL UNIT | DATE OF<br>NOTICE | ENVIRONMENTAL<br>LAW |
|---|---|---|---|

None
■ | b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

B7 (Official Form 7) (04/13)
6

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None
■   c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|

### 18 . Nature, location and name of business

None
■   a. *If the debtor is an individual*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

*If the debtor is a partnership*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within **six years** immediately preceding the commencement of this case.

*If the debtor is a corporation*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|---|---|

None
■   b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

| NAME | ADDRESS |
|---|---|

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within **six years** immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor, or self-employed in a trade, profession, or other activity, either full- or part-time.

*(An individual or joint debtor should complete this portion of the statement **only** if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

### 19. Books, records and financial statements

None
■   a. List all bookkeepers and accountants who within **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

| NAME AND ADDRESS | DATES SERVICES RENDERED |
|---|---|

None
■   b. List all firms or individuals who within the **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

| NAME | ADDRESS | DATES SERVICES RENDERED |
|---|---|---|

None
■   c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

B7 (Official Form 7) (04/13)
7

| NAME | ADDRESS |
|------|---------|

None ■ d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within **two years** immediately preceding the commencement of this case.

| NAME AND ADDRESS | DATE ISSUED |
|------------------|-------------|

---

### 20. Inventories

None ■ a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

| DATE OF INVENTORY | INVENTORY SUPERVISOR | DOLLAR AMOUNT OF INVENTORY (Specify cost, market or other basis) |
|-------------------|----------------------|------------------------------------------------------------------|

None ■ b. List the name and address of the person having possession of the records of each of the inventories reported in a., above.

| DATE OF INVENTORY | NAME AND ADDRESSES OF CUSTODIAN OF INVENTORY RECORDS |
|-------------------|------------------------------------------------------|

---

### 21 . Current Partners, Officers, Directors and Shareholders

None ■ a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

| NAME AND ADDRESS | NATURE OF INTEREST | PERCENTAGE OF INTEREST |
|------------------|--------------------|------------------------|

None ■ b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

| NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE OF STOCK OWNERSHIP |
|------------------|-------|------------------------------------------|

---

### 22 . Former partners, officers, directors and shareholders

None ■ a. If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the commencement of this case.

| NAME | ADDRESS | DATE OF WITHDRAWAL |
|------|---------|--------------------|

None ■ b. If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS | TITLE | DATE OF TERMINATION |
|------------------|-------|---------------------|

---

### 23 . Withdrawals from a partnership or distributions by a corporation

None ■ If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case.

| NAME & ADDRESS OF RECIPIENT, RELATIONSHIP TO DEBTOR | DATE AND PURPOSE OF WITHDRAWAL | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|-----------------------------------------------------|--------------------------------|------------------------------------------------------|

B7 (Official Form 7) (04/13)
8

**24. Tax Consolidation Group.**

None
■

If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within **six years** immediately preceding the commencement of the case.

NAME OF PARENT CORPORATION                                              TAXPAYER IDENTIFICATION NUMBER (EIN)

**25. Pension Funds.**

None
■

If the debtor is not an individual, list the name and federal taxpayer-identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within **six years** immediately preceding the commencement of the case.

NAME OF PENSION FUND                                                     TAXPAYER IDENTIFICATION NUMBER (EIN)

\* \* \* \* \* \*

**DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR**

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date    **November 19, 2015**              Signature    **/s/ Christopher John Dragt**
                                                        **Christopher John Dragt**
                                                        Debtor

Date    **November 19, 2015**              Signature    **/s/ Deanna Jo Dragt**
                                                        **Deanna Jo Dragt**
                                                        Joint Debtor

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571*

B8 (Form 8) (12/08)

# United States Bankruptcy Court
## District of Minnesota

In re **Christopher John Dragt**
**Deanna Jo Dragt**

Debtor(s)

Case No.

Chapter **7**

## CHAPTER 7 INDIVIDUAL DEBTOR'S STATEMENT OF INTENTION

**PART A -** Debts secured by property of the estate. (Part A must be fully completed for **EACH** debt which is secured by property of the estate.  Attach additional pages if necessary.)

---

Property No. 1

| **Creditor's Name:**<br>**Donna Bengston** | **Describe Property Securing Debt:**<br>**Contract for Deed** |
|---|---|

Property will be (check one):

☐ Surrendered          ■ Retained

If retaining the property, I intend to (check at least one):
  ☐ Redeem the property
  ■ Reaffirm the debt
  ☐ Other.  Explain _____ (for example, avoid lien using 11 U.S.C. § 522(f)).

Property is (check one):
  ■ Claimed as Exempt          ☐ Not claimed as exempt

---

Property No. 2

| **Creditor's Name:**<br>**Donna Bengston** | **Describe Property Securing Debt:**<br>**2012 Volkswagen Routan SE Promissory Note** |
|---|---|

Property will be (check one):

☐ Surrendered          ■ Retained

If retaining the property, I intend to (check at least one):
  ☐ Redeem the property
  ■ Reaffirm the debt
  ☐ Other.  Explain _____ (for example, avoid lien using 11 U.S.C. § 522(f)).

Property is (check one):
  ■ Claimed as Exempt          ☐ Not claimed as exempt

---

B8 (Form 8) (12/08)                                                                                           Page 2

**PART B** - Personal property subject to unexpired leases. (All three columns of Part B must be completed for each unexpired lease. Attach additional pages if necessary.)

| Property No. 1 | | |
|---|---|---|
| **Lessor's Name:**<br>**Century Link** | **Describe Leased Property:**<br>**2 year contract** | Lease will be Assumed pursuant to 11 U.S.C. § 365(p)(2):<br>■ YES        ☐ NO |
| Property No. 2 | | |
| **Lessor's Name:**<br>**Donna Bengtson** | **Describe Leased Property:**<br>**Contract for Deed** | Lease will be Assumed pursuant to 11 U.S.C. § 365(p)(2):<br>■ YES        ☐ NO |
| Property No. 3 | | |
| **Lessor's Name:**<br>**Verizon Wireless** | **Describe Leased Property:**<br>**2 year cell phone contract** | Lease will be Assumed pursuant to 11 U.S.C. § 365(p)(2):<br>■ YES        ☐ NO |
| Property No. 4 | | |
| **Lessor's Name:**<br>**Vivint Security** | **Describe Leased Property:**<br>**Security System; Expires 12/30/2018** | Lease will be Assumed pursuant to 11 U.S.C. § 365(p)(2):<br>☐ YES        ■ NO |

**I declare under penalty of perjury that the above indicates my intention as to any property of my estate securing a debt and/or personal property subject to an unexpired lease.**

Date **November 19, 2015**            Signature  **/s/ Christopher John Dragt**
                                                 **Christopher John Dragt**
                                                 Debtor

Date **November 19, 2015**            Signature  **/s/ Deanna Jo Dragt**
                                                 **Deanna Jo Dragt**
                                                 Joint Debtor

Local Form 1007-1 (05/14)

# United States Bankruptcy Court
## District of Minnesota

In re **Christopher John Dragt**
**Deanna Jo Dragt**

Debtor(s)

Case No.

Chapter    **7**

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR

1.      Pursuant to 11 U .S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above-named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

| | | |
|---|---|---|
| For legal Services, I have agreed to accept ............................. | $ | 1,500.00 |
| Prior to the filing of this statement I have received .............. | $ | 465.00 |
| Balance Due ......................................................................... | $ | 1,035.00 |

2.    The source of the compensation paid to me was:
   ■     Debtor                    ☐     Other (specify)

3.    The source of the compensation to be paid to me is:
   ■     Debtor                    ☐     Other (specify)

4.    ■  I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

      ☐ I have agreed to share the above-disclosed compensation with another person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people or entities sharing in the compensation, is attached.

5.    In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

      (a) Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;

      (b) Preparation and filing of any petition, schedules, statements of affairs and plan which may be required;

      (c) Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;

      (d) Representation of the debtor in contested bankruptcy matters; and

      (e) Other services reasonably necessary to represent the debtor(s).

6.    Pursuant to Local Rules 1007-1 and 1007-3-1, I have advised the debtor of the requirements of paragraph 9 of the Statement of Financial Affairs of the duty to disclose all payments made, or property transferred, by or on behalf of the debtor to any person, including attorneys, for consultation concerning debt consolidation or reorganization, relief under bankruptcy law, or preparation of a petition in bankruptcy. I have reviewed the debtor's disclosures and they are accurate and complete to the best of my knowledge.

Local Form 1007-1

## CERTIFICATION

     I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy case.

Dated: **November 19, 2015**

Signature of Attorney
**/s/ Stephen Heller**

**Stephen Heller**

B 201A (Form 201A) (6/14)

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

## NOTICE TO CONSUMER DEBTOR(S) UNDER § 342(b)
## OF THE BANKRUPTCY CODE

In accordance with § 342(b) of the Bankruptcy Code, this notice to individuals with primarily consumer debts: (1) Describes briefly the services available from credit counseling services; (2) Describes briefly the purposes, benefits and costs of the four types of bankruptcy proceedings you may commence; and (3) Informs you about bankruptcy crimes and notifies you that the Attorney General may examine all information you supply in connection with a bankruptcy case.

You are cautioned that bankruptcy law is complicated and not easily described. Thus, you may wish to seek the advice of an attorney to learn of your rights and responsibilities should you decide to file a petition. Court employees cannot give you legal advice.

Notices from the bankruptcy court are sent to the mailing address you list on your bankruptcy petition.  In order to ensure that you receive information about events concerning your case, Bankruptcy Rule 4002 requires that you notify the court of any changes in your address.  If you are filing a **joint case** (a single bankruptcy case for two individuals married to each other), and each spouse lists the same mailing address on the bankruptcy petition, you and your spouse will generally receive a single copy of each notice mailed from the bankruptcy court in a jointly-addressed envelope, unless you file a statement with the court requesting that each spouse receive a separate copy of all notices.

## 1. Services Available from Credit Counseling Agencies

**With limited exceptions, § 109(h) of the Bankruptcy Code requires that all individual debtors who file for bankruptcy relief on or after October 17, 2005, receive a briefing that outlines the available opportunities for credit counseling and provides assistance in performing a budget analysis.** The briefing must be given within 180 days **before** the bankruptcy filing. The briefing may be provided individually or in a group (including briefings conducted by telephone or on the Internet) and must be provided by a nonprofit budget and credit counseling agency approved by the United States trustee or bankruptcy administrator. The clerk of the bankruptcy court has a list that you may consult of the approved budget and credit counseling agencies.  Each debtor in a joint case must complete the briefing.

**In addition, after filing a bankruptcy case, an individual debtor generally must complete a financial management instructional course before he or she can receive a discharge.** The clerk also has a list of approved financial management instructional courses.  Each debtor in a joint case must complete the course.

## 2. The Four Chapters of the Bankruptcy Code Available to Individual Consumer Debtors

### Chapter 7: Liquidation ($245 filing fee, $75 administrative fee, $15 trustee surcharge: Total Fee $335)

Chapter 7 is designed for debtors in financial difficulty who do not have the ability to pay their existing debts. Debtors whose debts are primarily consumer debts are subject to a "means test" designed to determine whether the case should be permitted to proceed under chapter 7. If your income is greater than the median income for your state of residence and family size, in some cases, the United States trustee (or bankruptcy administrator), the trustee, or creditors have the right to file a motion requesting that the court dismiss your case under § 707(b) of the Code. It is up to the court to decide whether the case should be dismissed.

Under chapter 7, you may claim certain of your property as exempt under governing law. A trustee may have the right to take possession of and sell the remaining property that is not exempt and use the sale proceeds to pay your creditors.

The purpose of filing a chapter 7 case is to obtain a discharge of your existing debts. If, however, you are found to have committed certain kinds of improper conduct described in the Bankruptcy Code, the court may deny your discharge and, if it does, the purpose for which you filed the bankruptcy petition will be defeated.

Even if you receive a general discharge, some particular debts are not discharged under the law. Therefore, you may still be responsible for most taxes and student loans; debts incurred to pay nondischargeable taxes; domestic support and property settlement obligations; most fines, penalties, forfeitures, and criminal restitution obligations; certain debts which are not properly listed in your bankruptcy papers; and debts for death or personal injury caused by operating a motor vehicle, vessel, or aircraft while intoxicated from alcohol or drugs. Also, if a creditor can prove that a debt arose from fraud, breach of fiduciary duty, or theft, or from a willful and malicious injury, the bankruptcy court may determine that the debt is not discharged.

### Chapter 13: Repayment of All or Part of the Debts of an Individual with Regular Income ($235 filing fee, $75 administrative fee: Total Fee $310)

Chapter 13 is designed for individuals with regular income who would like to pay all or part of their debts in installments over

a period of time. You are only eligible for chapter 13 if your debts do not exceed certain dollar amounts set forth in the Bankruptcy Code.

Under chapter 13, you must file with the court a plan to repay your creditors all or part of the money that you owe them, using your future earnings. The period allowed by the court to repay your debts may be three years or five years, depending upon your income and other factors. The court must approve your plan before it can take effect.

After completing the payments under your plan, your debts are generally discharged except for domestic support obligations; most student loans; certain taxes; most criminal fines and restitution obligations; certain debts which are not properly listed in your bankruptcy papers; certain debts for acts that caused death or personal injury; and certain long term secured obligations.

## <u>Chapter 11</u>: Reorganization ($1,167 filing fee, $550 administrative fee: Total Fee $1,717)

Chapter 11 is designed for the reorganization of a business but is also available to consumer debtors. Its provisions are quite complicated, and any decision by an individual to file a chapter 11 petition should be reviewed with an attorney.

## <u>Chapter 12</u>: Family Farmer or Fisherman ($200 filing fee, $75 administrative fee: Total Fee $275)

Chapter 12 is designed to permit family farmers and fishermen to repay their debts over a period of time from future earnings and is similar to chapter 13.  The eligibility requirements are restrictive, limiting its use to those whose income arises primarily from a family-owned farm or commercial fishing operation.

## 3. <u>Bankruptcy Crimes and Availability of Bankruptcy Papers to Law Enforcement Officials</u>

A person who knowingly and fraudulently conceals assets or makes a false oath or statement under penalty of perjury, either orally or in writing, in connection with a bankruptcy case is subject to a fine, imprisonment, or both. All information supplied by a debtor in connection with a bankruptcy case is subject to examination by the Attorney General acting through the Office of the United States Trustee, the Office of the United States Attorney, and other components and employees of the Department of Justice.

**WARNING:** Section 521(a)(1) of the Bankruptcy Code requires that you promptly file detailed information regarding your creditors, assets, liabilities, income, expenses and general financial condition. Your bankruptcy case may be dismissed if this information is not filed with the court within the time deadlines set by the Bankruptcy Code, the Bankruptcy Rules, and the local rules of the court.  The documents and the deadlines for filing them are listed on Form B200, which is posted at http://www.uscourts.gov/bkforms/bankruptcy_forms.html#procedure.

B 201B (Form 201B) (12/09)

# United States Bankruptcy Court
### District of Minnesota

In re    **Christopher John Dragt**
        **Deanna Jo Dragt**                Case No. _____

                                   Debtor(s)         Chapter    **7** _____

## CERTIFICATION OF NOTICE TO CONSUMER DEBTOR(S)
## UNDER § 342(b) OF THE BANKRUPTCY CODE

### Certification of Debtor

I (We), the debtor(s), affirm that I (we) have received and read the attached notice, as required by § 342(b) of the Bankruptcy Code.

**Christopher John Dragt**
**Deanna Jo Dragt** _____    X   **/s/ Christopher John Dragt**      **November 19, 2015**
Printed Name(s) of Debtor(s)                   Signature of Debtor             Date

Case No. (if known) _____     X   **/s/ Deanna Jo Dragt**          **November 19, 2015**
                                      Signature of Joint Debtor (if any)      Date

---

**Instructions:** Attach a copy of Form B 201 A, Notice to Consumer Debtor(s) Under § 342(b) of the Bankruptcy Code.

Use this form to certify that the debtor has received the notice required by 11 U.S.C. § 342(b) **only** if the certification has **NOT** been made on the Voluntary Petition, Official Form B1. Exhibit B on page 2 of Form B1 contains a certification by the debtor's attorney that the attorney has given the notice to the debtor. The Declarations made by debtors and bankruptcy petition preparers on page 3 of Form B1 also include this certification.

# United States Bankruptcy Court
### District of Minnesota

In re    **Christopher John Dragt**
        **Deanna Jo Dragt**

                              Debtor(s)

Case No. _____

Chapter    **7**

# VERIFICATION OF CREDITOR MATRIX

The above-named Debtors hereby verify that the attached list of creditors is true and correct to the best of their knowledge.

Date:    **November 19, 2015**           **/s/ Christopher John Dragt**
                                      **Christopher John Dragt**
                                      Signature of Debtor

Date:    **November 19, 2015**           **/s/ Deanna Jo Dragt**
                                        **Deanna Jo Dragt**
                                      Signature of Debtor

```
AFNI INC
PO BOX 3517
BLOOMINGTON IL 61702


BANKCARD SERVICES
PO BOX 23065
COLUMBUS GA 31902-3065


CACH, LLC
4340 S MONACO ST UNIT 2
DENVER CO 80237


CAPITAL ONE
PO BOX 60599
CITY OF INDUSTRY CA 91716-0599


CAPITAL ONE
PO BOX 60599
CITY OF INDUSTRY CA 91716-0599


CAPITAL ONE
PO BOX 60599
CITY OF INDUSTRY CA 91716-0599


CASH CENTRAL
PO BOX 6430
LOGAN UT 84341-6430


CENTURY LINK
PO BOX 91154
SEATTLE WA 98111-9254


CENTURY LINK
PO BOX 91154
SEATTLE WA 98111-9254
```

```
CHASE
PO BOX 94014
PALATINE IL 60094-4014


CREDIT CONTROL, LLC
5757 PHANTOM DR STE 330
HAZELWOOD MO 63042-2429


CREDIT ONE BANK
PO BOX 60500
CITY OF INDUSTRY CA 91716-0500


DEPT OF EDUCATION/NELN
121 S 13TH ST
LINCOLN NE 68508


DEPT OF EDUCATION/NELN
121 S 13TH ST
LINCOLN NE 68508


DEPT OF EDUCATION/NELN
121 S 13TH ST
LINCOLN NE 68508


DEPT OF EDUCATION/NELN
121 S 13TH ST
LINCOLN NE 68508


DEPT OF EDUCATION/NELN
121 S 13TH ST
LINCOLN NE 68508


DEPT OF EDUCATION/NELN
121 S 13TH ST
LINCOLN NE 68508
```

```
DEPT OF EDUCATION/NELN
121 S 13TH ST
LINCOLN NE 68508


DEPT OF EDUCATION/NELN
121 S 13TH ST
LINCOLN NE 68508


DEPT OF EDUCATION/NELN
121 S 13TH ST
LINCOLN NE 68508


DIRECT TV
PO BOX 78626
PHOENIX AZ 85062-8626


DISCOVER CARD
PO BOX 30395
SALT LAKE CITY UT 84130-0395


DONNA BENGSTON
1002 5TH AVENUE NORTH
SARTELL MN 56377


DONNA BENGSTON
1002 5TH AVENUE NORTH
SARTELL MN 56377


DONNA BENGTSON
1002 5TH AVENUE NORTH
SARTELL MN 56377


ENHANCED RECOVERY CO L
8014 BAYBERRY RD
JACKSONVILLE FL 32256
```

FIRST NATIONAL COLLEC. BUR. IN
610 WALTHAM WAY
MCCARRAN NV 89434-6695


FIRSTSOURCE ADVANTAGE, LLC
PO BOX 628
BUFFALO NY 14240-0628


GREAT RIVER REGIONAL LIBRARY
1300 W SAINT GERMAIN ST
SAINT CLOUD MN 56301-3414


GURSTEL CHARGO
6681 COUNTRY CLUB DR
GOLDEN VALLEY MN 55427-4601


LTD FINANCIAL SERVICES
7322 SOUTHWEST FWY STE 1600
HOUSTON TX 77074-2053


LVNV FUNDING LLC
PO BOX 10497
GREENVILLE SC 29603


MIDLAND FUNDING
2365 NORTHSIDE DR STE 30
SAN DIEGO CA 92108


NISSAN-INFINITI LT
POB 660366
DALLAS TX 75266


ONEMAIN FINANCIAL
1415 1ST ST S STE 2
WILLMAR MN 56201-3487

PORTFOLIO RECOVERY ASS
120 CORPORATE BLVD STE 1
NORFOLK VA 23502


SEARS
PO BOX 6275
SIOUX FALLS SD 57117-6275


SYNCB/SAMS CLUB DC
PO BOX 965005
ORLANDO FL 32896


THE BUCKLE
PO BOX 659704
SAN ANTONIO TX 78265-9704


UNIQUE NATIONAL COLLEC
119 E MAPLE ST
JEFFERSONVILLE IN 47130


VERIZON WIRELESS
PO BOX 25505
LEHIGH VALLEY PA 18002-5505


VIVINT SECURITY
4931 N 300 W
PROVO UT 84604-5816


VIVINT SECURITY
4931 N 300 W
PROVO UT 84604-5816


WELLS FARGO
CREDIT BUREAU DISP
DES MOINES IA 50306

WELLS FARGO BANK
CREDIT BUREAU DISP
DES MOINES IA 50306

| Fill in this information to identify your case: | Check one box only as directed in this form and in Form 22A-1Supp: |
|---|---|

**Fill in this information to identify your case:**

Debtor 1    **Christopher John Dragt**

Debtor 2    **Deanna Jo Dragt**
(Spouse, if filing)

United States Bankruptcy Court for the:   District of Minnesota

Case number
(if known)

**Check one box only as directed in this form and in Form 22A-1Supp:**

■ 1. There is no presumption of abuse

☐ 2. The calculation to determine if a presumption of abuse applies will be made under *Chapter 7 Means Test Calculation* (Official Form 22A-2).

☐ 3. The Means Test does not apply now because of qualified military service but it could apply later.

☐ Check if this is an amended filing

## Official Form 22A - 1
# Chapter 7 Statement of Your Current Monthly Income
12/14

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for being accurate. If more space is needed, attach a separate sheet to this form. Include the line number to which the additional information applies. On the top of any additional pages, write your name and case number (if known). If you believe that you are exempted from a presumption of abuse because you do not have primarily consumer debts or because of qualifying military service, complete and file *Statement of Exemption from Presumption of Abuse Under § 707(b)(2)* (Official Form 22A-1Supp) with this form.

| Part 1: | Calculate Your Current Monthly Income |
|---|---|

1. **What is your marital and filing status?** Check one only.

   ☐ **Not married**. Fill out Column A, lines 2-11.

   ■ **Married and your spouse is filing with you.** Fill out both Columns A and B, lines 2-11.

   ☐ **Married and your spouse is NOT filing with you. You and your spouse are:**

      ☐ **Living in the same household and are not legally separated.** Fill out both Columns A and B, lines 2-11.

      ☐ **Living separately or are legally separated.** fill out Column A, lines 2-11; do not fill out Column B. By checking this box, you declare under penalty of perjury that you and your spouse are legally separated under nonbankruptcy law that applies or that you and your spouse are living apart for reasons that do not include evading the Means Test requirements. 11 U.S.C § 707(b)(7)(B).

> **Fill in the average monthly income that you received from all sources, derived during the 6 full months before you file this bankruptcy case.** 11 U.S.C. § 101(10A). For example, if you are filing on September 15, the 6-month period would be March 1 through August 31. If the amount of your monthly income varied during the 6 months, add the income for all 6 months and divide the total by 6. Fill in the result. Do not include any income amount more than once. For example, if both spouses own the same rental property, put the income from that property in one column only. If you have nothing to report for any line, write $0 in the space.

|  | | Column A Debtor 1 | Column B Debtor 2 or non-filing spouse |
|---|---|---|---|
| 2. | **Your gross wages, salary, tips, bonuses, overtime, and commissions** (before all payroll deductions). | $ 5,767.29 | $ 0.00 |
| 3. | **Alimony and maintenance payments.** Do not include payments from a spouse if Column B is filled in. | $ 0.00 | $ 2,898.00 |
| 4. | **All amounts from any source which are regularly paid for household expenses of you or your dependents, including child support.** Include regular contributions from an unmarried partner, members of your household, your dependents, parents, and roommates. Include regular contributions from a spouse only if Column B is not filled in. Do not include payments you listed on line 3. | $ 0.00 | $ 0.00 |

5. **Net income from operating a business, profession, or farm**

| | | | Column A | Column B |
|---|---|---|---|---|
| Gross receipts (before all deductions) | $ | 0.00 | | |
| Ordinary and necessary operating expenses | -$ | 0.00 | | |
| Net monthly income from a business, profession, or farm | $ | 0.00 | Copy here -> $ 0.00 | $ 0.00 |

6. **Net income from rental and other real property**

| | | | Column A | Column B |
|---|---|---|---|---|
| Gross receipts (before all deductions) | $ | 0.00 | | |
| Ordinary and necessary operating expenses | -$ | 0.00 | | |
| Net monthly income from rental or other real property | $ | 0.00 | Copy here -> $ 0.00 | $ 0.00 |

| 7. | **Interest, dividends, and royalties** | $ 0.00 | $ 0.00 |
|---|---|---|---|

Software Copyright (c) 1996-2014 Best Case, LLC - www.bestcase.com                                                                Best Case Bankruptcy

Debtor 1   **Christopher John Dragt**
Debtor 2   **Deanna Jo Dragt**                                   Case number (*if known*)

|  | Column A<br>Debtor 1 | Column B<br>Debtor 2 or<br>non-filing spouse |
|---|---|---|
| 8.  **Unemployment compensation** | $      0.00 | $      0.00 |

Do not enter the amount if you contend that the amount received was a benefit under the Social Security Act. Instead, list it here:

| For you | $ | 0.00 |
| For your spouse | $ | 0.00 |

| 9.  **Pension or retirement income.** Do not include any amount received that was a benefit under the Social Security Act. | $      0.00 | $      0.00 |

10. **Income from all other sources not listed above.** Specify the source and amount. Do not include any benefits received under the Social Security Act or payments received as a victim of a war crime, a crime against humanity, or international or domestic terrorism. If necessary, list other sources on a separate page and put the total on line 10c.

| 10a. | $      0.00 | $      0.00 |
| 10b. | $      0.00 | $      0.00 |
| 10c.  Total amounts from separate pages, if any. | +  $      0.00 | $      0.00 |

11. **Calculate your total current monthly income.** Add lines 2 through 10 for each column. Then add the total for Column A to the total for Column B.

$   **5,767.29**   +  $  **2,898.00**   =  $  **8,665.29**

**Total current monthly income**

**Part 2:**    **Determine Whether the Means Test Applies to You**

12. **Calculate your current monthly income for the year.** Follow these steps:

12a. Copy your total current monthly income from line 11 ............................... Copy line 11 here==>   12a.  $   **8,665.29**

Multiply by 12 (the number of months in a year)                                          **x  12**

12b. The result is your annual income for this part of the form                        12b.  $  **103,983.48**

13. **Calculate the median family income that applies to you.** Follow these steps:

Fill in the state in which you live.                  **MN**

Fill in the number of people in your household.                  **5**

Fill in the median family income for your state and size of household. ..................  13.  $  **106,547.00**

14. **How do the lines compare?**

14a.  ■  Line 12b is less than or equal to line 13. On the top of page 1, check box 1, *There is no presumption of abuse.*
Go to Part 3.

14b.  ☐  Line 12b is more than line 13. On the top of page 1, check box 2, *The presumption of abuse is determined by Form 22A-2.*
Go to Part 3 and fill out Form 22A-2.

**Part 3:**    **Sign Below**

By signing here, I declare under penalty of perjury that the information on this statement and in any attachments is true and correct.

X  **/s/ Christopher John Dragt**                              X  **/s/ Deanna Jo Dragt**
**Christopher John Dragt**                                        **Deanna Jo Dragt**
Signature of Debtor 1                                              Signature of Debtor 2

Date  **November 19, 2015**                                    Date  **November 19, 2015**
MM / DD / YYYY                                                      MM / DD / YYYY

If you checked line 14a, do NOT fill out or file Form 22A-2.

If you checked line 14b, fill out Form 22A-2 and file it with this form.